## H. HOLMAN V. C. CHEVAILLIER'S ADM'R.

The entry of record, of the affidavit of the plaintiff's death, or its being filed with the Clerk, with the certificate of the appointment of the administrator, is a condition precedent to the authority of the Clerk to issue execution upon the judgment, in the name of the administrator. (Laws 4th Legislature, Extra Sess. p. 20, Sec. 130.)

Where the law requires or .authorizes a party, in our practice, to file a paper, it simply means that he shall place it in the official custody of the Clerk. It is the duty of the Clerk, when a paper is thus placed in his custody, to endorse upon it the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern.

If the Clerk omits to make the proper endorsement on a paper which is filed, it cannot prejudice the rights of the party ; and he will be permitted, with the sanction of the Court, to make the endorsement *now* for *then.*

Where a motion involves facts not apparent on the record, there is the same presumption, in the absence of a statement of facts, in favor of the correctness of the judgment thereon, as in other cases.

Error from Smith. Chevaillier recovered judgment against the defendant, on which execution issued and was returned by the Sheriff on the 3rd of May, 1853, without having been levied, the officer having received information of the death of the plaintiff in execution. On the 10th of October thereafter, an alias execution issued upon the judgment, in the name of the

Vol. XIV. 22

appellee, as administrator of Chevaillier.   On the 15th of the same month, the defendant in execution filed a motion to quash the execution, assigning as cause, that the death of the plaintiff had not been suggested and the judgment revived; and that no affidavit of the death of the plaintiff, or certificate of the appointment of his legal representative, had been filed with the Clerk of the Court as the law directs.   Afterwards, on the 24th of the month, the motion coming on to be heard, the plaintiff in execution moved the Court that the Clerk be permitted to supply, *nunc pro tunc*, the date of attestation of the affidavit, and the mark of the filing, representing that the affidavit had been deposited with the Clerk in April preceding ; and that the plaintiff in execution was then the legal representative of the plaintiff in the judgment.   Whereupon, it appears, the Court overruled the motion to quash the execution, and the defendant brought a writ of error.

*G. Rosenbaum*, for plaintiff in error.

*W. B. Ochiltree*, for defendant in error.

WHEELER, J.   By the Act of the 5th of February, 1853, it is provided, that in case of the death of a sole plaintiff, or one of several plaintiffs after judgment, it shall be the duty of the Clerk to issue execution on the judgment, in the name of the legal representative of the deceased sole plaintiff, or in the name of the survivor and the legal representative of the deceased plaintiff, " without further notice to the defendant, upon " an affidavit of such death being entered of record, or filed " with the Clerk by such legal representative or the attorney " of record of such plaintiff, together with a certificate of the " appointment of such representative, under the hand and " seal of the Clerk of the Court where the same was made," &c.   (Laws 4th Legislature, Extra Sess. p. 20, Sec. 130.) The affidavit of the administrator and the certificate of his ap-

pointment contemplated by the Statute, the latter issued by the Clerk of the County Court of Nacogdoches county on the 3rd of May, 1853, were before the Court; but they bear no evidence of the time when they were filed, and on this ground it is sought to reverse the judgment. It is true, that the entry of the affidavit of record, or its being filed with the Clerk with the certificate of appointment of the administrator, is a condition precedent to the authority of the Clerk to issue execution upon the judgment, in the name of the administrator. But the filing, by the party, in our practice, consists simply in placing the paper in the hands of the Clerk, to be preserved and kept by him in his official custody, as an archive or record, of which his office becomes thenceforward the only proper repository. Though the ancient mode of filing papers has gone into disuse, the phraseology of the ancient practice is retained, in the common expressions "to file," "to put on file," "to take off the files," &c., from "filum" the thread, string, or wire used in ancient practice, for connecting the papers together. The term "file" is also used to denote the paper placed with the Clerk, and assigned by the law to his official keeping. A file is a record of the Court. (1 Litt. 112; Burr. L. D. tit. FILE.) It is the duty of the Clerk, when a paper is thus placed in his custody, or "filed" with him, to endorse upon it the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern; and that is what is meant by his "filing" the paper. But where the law requires or authorizes a party to file it, it simply means that he shall place it in the official custody of the Clerk. That is all that is required of him; and if the officer omits the duty of endorsing upon it the date of the filing, that should not prejudice the rights of the party. And hence it is the common practice, where that has been omitted, for the officer, with the sanction of the Court, to make the endorsement *now* for *then;* the doing of the act *now*, that is, at the time when it is actually done, being allowed to operate as a substitute and equivalent for doing it *then*, or when it should have been done. And acts thus allowed to be

Holman v. Chevaillier.

done by the Clerk of the Court, with the sanction of the Court, have the same effect as if they had been done at the proper time. (1 Stra. 639 ; 2 Tidd's Pr. 932.) It was the filing of the affidavit and certificate by the party, under the Statute, and not the endorsement of the date of their reception, or the filing by the Clerk, which was a condition precedent to the issuing of the execution in this case. The object of the motion to obtain the authority of the Court for the filing of the Clerk *now* for *then*, was that the Court might receive evidence of the time of the actual filing by the party, in order that the filing by the Clerk might relate back, and take effect from that period, as though it had been done then, when it should have been done. For that purpose, it was competent for the Court to receive evidence, upon the motion, of the time of the filing by the party ; and, in the absence of a statement of the evidence on which the Court acted, we must presume, in support of the judgment, that there was evidence, legal and sufficient, before the Court, of the fact that the affidavit and certificate were filed with the Clerk prior to the issuing of the execution. They appear to have been, in form and substance, a compliance with the requirement of the Statute ; and the presumption in favor of the judgment is, that they were filed in proper time. There is, therefore, no error in the judgment and it is affirmed.

Judgment affirmed.