## PHILLIPS, GOLDSBY & BLEVINS vs. BEENE'S ADM'R.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *What is sufficient filing of claim.*—The verification of a claim against an insolvent estate is not filed within the meaning of the statute, (Code, § 1847,) when it is merely placed by the creditor's attorney in the probate judge's office, in the box appropriated to such papers, without the knowledge of the judge or his clerk, and without calling the attention of either of them to it until after the expiration of the nine months prescribed by the statute for the filing of claims.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Benjamin Y. Beene, deceased, which was declared insolvent on the 12th April, 1858, and against which the appellants filed a claim on the

22d November, 1858. The case was before this court at its January term, 1861, on appeal by the administrator; when the decree of the probate court, allowing the claim, was reversed, and the cause remanded.—See the case reported in 37 Ala. 312. On the second trial, as appears from the bill of exceptions in the present record, one Roberts, who was a clerk in the office of the probate judge, testified, that the plaintiffs' claim was presented and filed on the 22d November, 1858, and was so marked; "that shortly after the expiration of nine months from the declaration of insolvency, J. Q. Smith, plaintiffs' attorney, called at the office of the probate judge in Cahaba, and stated to witness, that he was informed objections had been filed to claims against said estate of which he had charge, because said claims were not verified; that Smith stated to him, at the same time, that he had the proper verifications made, and had deposited them in the box in said office in which claims against insolvent estates were kept, including the papers and claims against said Beene's estate; that said Smith and witness thereupon examined the papers in said box, but did not find there the regular file of papers belonging to Beene's estate, which was then in the possession of the defendant's attorney; that said Smith found in the box an affidavit, which had not been before noticed by witness," and which was a verification of the appellants' claim in this case, sworn to before a justice of the peace, on the 16th of December, 1858.

"James Q. Smith, one of the plaintiffs' attorneys, testified, that, having charge of said claim, he presented it to the probate judge, and had it filed, but without any verification, on the 22d November, 1858; that on the 16th December, 1858, he drew up the above affidavit in Selma, where he resided, and took it to one of the plaintiffs, who swore to the same before a justice of the peace in Selma; that he took the affidavit, on the same day, to Cahaba, and put it, with others, in the box in the probate judge's office in which claims against insolvent estates were kept, and in which, as he knew, the claims against the estate of Beene

were kept; that the affidavits were endorsed by him, 'Affidavits to be deposited with file of claims against estate of Beene;' that the file of claims against said estate was not then in the box; that his attention was first called to this matter, after the expiration of nine months from the declaration of insolvency, by being informed that objection was made to this claim for the want of a verification; that he immediately informed one of the defendant's attorneys that a verification had been made and put in the box where the papers of said estate were kept; that he went to Cahaba a few days afterwards, and requested Roberts, the clerk in the probate judge's office, to look for said verifications; that he and Roberts then looked together in the box, where he found them as he had deposited them, and that the claims against said estate were then absent from the office.

"One of the defendant's attorneys testified, also, that he received from J. Q. Smith, shortly after the expiration of nine months from the declaration of insolvency, and after objections were filed against said claims, a letter stating that a verification of plaintiffs' claim had been deposited by him in the box in the probate judge's office, to be filed with said claim; that he did not remember looking in the office for said verification until Smith next came to Cahaba, when Smith informed him that he and Roberts had found the verification in the box; that he took the claims against said estate from the probate judge's office, shortly after the expiration of the nine months, for the purpose of filing objections to them; that he examined all the papers in said box, and did not recollect seeing any more papers in the box at that time, except what he took out.

"This being all the evidence in the case, the court rejected the claim, on the ground that there was not such a filing of the verification as is required by law;" to which the plaintiffs excepted, and they now assign the same as error.

BYRD & MORGAN, for appellants.
WHITE & PORTIS, contra.

A. J. WALKER, C. J.—The evidence upon which the allowance of appellants' claim is now sought, differs from the evidence presented when the case was before in this court.—*Beene's Adm'r v. Phillips, Goldsby & Blevins,* 31 Ala. 312. The precise question now to be decided is, whether a verification of a claim against an insolvent estate is legally filed as required by section 1847 of the Code, when it was placed by the attorney of the claimants, within the prescribed period of nine months, in the box appropriated to such papers, in the probate judge's office, without the knowledge of the probate judge or his clerk, and was not called to the attention of either of them until after the expiration of the nine months. We deduce this precise form of the question from a consideration of the facts not proved, as well as of those proved, in connection with the legal proposition, that the *onus* of proof is upon the claimants.

The question, as stated, will be solved, by inquiring what is meant by *filing* a claim. The word *file* is derived from the Latin word *"filum,"* which signifies a thread; and its present application is drawn from the ancient practice of placing papers upon a thread, or wire, "for the more safe keeping and ready turning to the same." The origin of the term indicates very clearly, that the filing of a paper can only be effected by bringing it to the notice of the officer, who anciently put it upon the "string" or "wire." Accordingly, we find that filing a paper is now understood to consist in placing it in the proper official custody, on the part of the party charged with the duty of filing the paper, and the making of the appropriate endorsement by the officer.—1 Burrill's Law Dic. 625; Tomlin's Law Dic., *file;* Bouvier's Law Dic., *file; Holman v. Chevaillier,* 14 Texas, 337 ; Marriott's Law Dic., *file.* A bill in chancery is said to be filed, when it is delivered to the clerk, and he states the day when it was brought into his office, numbers it, and receives it into his custody.—1 Dan. Ch. Pl. & Pr. 454. And it is said, that when a paper is filed, it is a record.—1 Lilly's Prac. Register, 826. In *Dr. With-*

*erington's* case, it was said, a paper on file could "not be taken off without the consent of parliament—no, not by consent of parties," though, by consent of parties in other cases, papers have been taken from the file.—1 Keble's R. 458 ; 13 Viner's Abridg. 211. . These authorities show conclusively, that a paper, not brought to the notice of the proper officer, and placed in his custody, can not be said to be filed. As was said in the case of *Holman v. Chevaillier,* (*supra,*) where the law requires or authorizes a party to file a paper, it simply means that he shall place it in his official custody. That is all that is required of him. The party cannot be prejudiced by the omission of the officer to endorse the paper filed.

Besides the authorities we have adduced, we are led by a regard to public policy to coincide with the court below in the opinion, that the verification· was not filed within the prescribed period. It would lead to many abuses and much injury to regard a paper, placed in the office without. the officer's knowledge, as filed.

Affirmed.