## THE STATE v. LEWIS CASS.

AGGRAVATED ASSAULT.—An indictment charging that accused "went into the residence of Henry Goodman, and did then and there assault, strike, and beat," is insufficient, save for simple assault and battery, for want of the averment that Goodman had a family.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

Lewis Case was indicted, the charge being that he "did then and there go into the house of Henry Goodman, the same being then and there the private residence of the said Henry Goodman, and did then and there assault, strike, and beat the said Henry Goodman with intent to injure."

Exceptions to the indictment were sustained, and the District Attorney appealed.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The indictment in this case is clearly insufficient to charge appellee with an aggravated assault and battery, if that was its purpose. The statute enumerates nine classes of circumstances under which the commission of an assault and battery becomes aggravated. The fourth of these is, where one "goes into the house of a private family and is there guilty of an assault and battery." (Pas. Dig., art. 2150.) But this is not the charge made in the indictment in this case. It is that appellee went into the private residence of Henry Goodman, and did then and there assault, strike, and beat, &c. It certainly cannot be said that " the private residence of a person " not alleged to have a family is synonymous with " the house of a private family." An assault committed in the house of a private family becomes aggravated, not simply by reason of the intrusion into the domicile of the party assaulted, but, if the offense is in the residence of a family, the probability that it will be committed in the presence of the family, occasioning thereby not only alarm and terror to the family, but additional shame and mortification or indignation to the party assaulted, by reason of the time and circumstances under which it is made.

But if the indictment is insufficient to hold appellee to answer to a charge for an aggravated assault and battery, it is unquestionably good as an indictment for a common

assault. (State *v.* Allen, 30 Tex., 59.) The motion to quash should, therefore, have been sustained only in so far as it was sought by the indictment to charge appellee with an aggravated assault.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.