## WILLIAM H. LESSING v. J. E GILBERT.

### No. 968.

**Agreement on File—Presumption—Filing Papers.—**Suit was brought July 7, 1891, upon two promissory notes given for land, and to enforce the vendor's lien. December 20, 1891, defendant answered, setting up a meritorious defense in part. October 3, 1892, judgment was rendered for amount sued for and foreclosing the lien. The judgment recited, "This day came the plaintiff by his attorney, and the defendant having by his agreement on file withdrawn all the answers heretofore filed by him and consented that judgment be entered up against him as prayed for, and it appearing to the court," etc. October 5, defendant filed a motion for new trial, claiming that the judgment was not warranted by any agreement on file or shown to the court. The motion was overruled. There is no statement of facts. In the record is such an agreement filed by the defendant of date June 3, 1892, marked filed October 5, 1892. *Held:*

1. A paper is deemed to have been filed when placed in the custody of the clerk of the court.

2. In absence of a statement of facts, it will be presumed that all evidence necessary to authorize the judgment was before the court.

3. The fact that the agreement was not marked filed until after the judgment, only indicates a clerical omission.

ERROR from McLennan. Tried below before Hon. L. W. GOODRICH.

*William H. Lessing,* for plaintiff in error.—1. To warrant or authorize a judgment by agreement, the agreement upon which it rests must be in writing and filed in the cause before such judgment can be rendered, and the same must be before the court for inspection, otherwise the presumption will be that the judgment was rendered without such agreement. Rule 47 for the District Courts.

2. A judgment purporting to be rendered in pursuance of an agreement must stand alone as a judgment by agreement, and when it appears from the record that at the time of rendition of judgment no agreement to support it was on file, the judgment should be set aside, and to refuse a motion for new trial based on that ground was fatal error. Freem. on Judg., 2 ed., secs. 546–549.

3. An agreement to confess a judgment must state what kind of judgment shall be rendered, and leave nothing for the court to do but to enter the same. Failing to do so, it will not authorize the court to render any judgment whatever. It must be for a certain sum or thing.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought in the District Court of McLennan County, July 7, 1891, by defendant in error

against plaintiff in error, on two vendor lien notes. December 20, 1891, defendant below answered, setting up that the notes sued on were given as part payment of land described in the petition, conveyed by plaintiff's warranty deed; that an action had been brought against him to recover a part of the land, of the value of $600, which suit was still pending, and that he was in imminent peril of eviction by the suit; that plaintiff was a nonresident and owned no property in this State subject to execution; asking that this suit be continued until the other suit was terminated, and praying for judgment for the value of the land involved, in case of eviction.

October 3, 1892, judgment was rendered for plaintiff for his debt as shown by the notes sued on, foreclosing lien upon the land, and awarding order of sale. The judgment contains the following recital: "This day came the plaintiff by his attorney, and the defendant having, by his agreement on file, withdrawn all the answers heretofore filed by him, and consented that judgment be entered up against him as prayed for, and it appearing to the court that the defendant, W. H. Lessing, is indebted to the said plaintiff, J. E. Gilbert, on the notes sued on, in the sum of eighteen hundred and twenty-nine and 80/100 dollars, and that said notes bear interest at the rate of 10 per cent per annum, and were given to secure the payment of the purchase money for the following described tract of land," etc. The judgment proceeds in the usual form to foreclose the lien as prayed for.

Defendant filed motion for a new trial, October 5, 1892, claiming that the judgment was not warranted by any agreement on file in the cause, nor by any evidence adduced at the time the judgment was taken. The motion was overruled, and the case is before us by writ of error sued out by defendant below. He assigns as error, that the judgment was not warranted by any agreement on file nor by any evidence.

We find in the record an agreement, signed by defendant, W. H. Lessing, of date the 3rd day of June, 1892, as follows:

"Suit in District Court McLennan County, Texas.

"J. E. GILBERT
    "v.                                            "5643.
"W. H. LESSING.

"In consideration that the plaintiff in the above entitled cause has agreed to let the said cause be continued to the next term of the court, the defendant hereby agrees that the plaintiff in said suit may take judgment against him on the first day of the next (Fall) term of court, or any day that the plaintiff may elect to do so during that term; and the said defendant agrees to offer no defense or opposition to such judgment at such time, and all defenses now filed will be considered withdrawn on the first day of said next term; the defendant, however, waives no right to move for a new trial or to appeal."

This agreement is marked filed "Oct. 5th, 1892"—two days after the date of the judgment.

There is no statement of facts in the record.

*Opinion.*—A paper is deemed to have been filed when placed in the custody of the clerk of the court. Beal v. Alexander, 6 Texas, 540; Holman v. Chevaillier, 14 Texas, 339; Turner v. The State, 41 Texas, 552; Snider v. Methvin, 60 Texas, 494.

In the absence of a statement of facts, it would be presumed that all evidence necessary to authorize the judgment was before the court. It should be presumed in this case that the agreement authorizing.the judgment was exhibited to the court before judgment. The fact that it was not marked filed until afterwards would only indicate a clerical omission, which would not affect the validity of the judgment. Callison v. Autry, 4 Texas, 371.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered September 26, 1894.