CLOYES et al. v. PHILLIP et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 25, 1912. Rehearing Denied June 29, 1912.)

1. PROCESS (§ 133*)—RETURN—SUFFICIENCY.

A sheriff's return on a citation contained the following, "Came to hand on the 18 day of March, A. D. 1911," and further showed service on two of the defendants on the following dates, "year 11, month 3, day 30"; the dates being tabulated, and the respective figures given being placed under the respective words preceding them. *Held*, that under common usage to express the year of a given date by using the last two figures only, the return, construed as a whole, clearly showed that the citation was served on such defendants on March 30, 1911, and was therefore sufficient.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 164; Dec. Dig. § 133.*]

2. PROCESS (§ 139*)—FILING—REQUISITES.

There being no statute specifically requiring the clerk to indorse his file mark on a citation after its return, and the citation being regarded as filed, as a matter of law, when returned to the clerk's custody, where citation, with service indorsed thereon, appeared in the transcript, duly certified by the clerk, and the judgment contained a recital of service, it sufficiently appeared that the citation and the officer's return were before the trial judge when judgment was rendered; and it was therefore immaterial that there was no indorsement of filing by the clerk thereon.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 160; Dec. Dig. § 139.*]

Error from District Court, Mitchell County; Jas. L. Shepherd, Judge.

Action by H. E. Phillip and another against J. B. Cloyes and others. Judgment for plaintiffs, and defendant Jackson and others bring error. Affirmed.

H. R. Bondies, of Sweetwater, for plaintiffs in error. J. M. Caldwell, of Midland, for defendants in error.

DUNKLIN, J. A. M. Jackson, R. C. Crane, S. A. Cole, and J. B. Cloyes prosecuted this writ of error from a judgment rendered against them in favor of H. E. and Emily Phillip upon a promissory note. Jackson filed an answer to defendants in error's petition in the trial court; but the judgment against all the other plaintiffs in error was by default.

[1] By the first and second assignments of error, the contention is made that the sheriff's return upon the citation to Cole and Crane showed service in the year "11," an impossible date, and does not, by any indorsement thereon, appear to have been filed by the clerk of the court as a part of the record after it was served. The sheriff's return upon the citation contains the following, "Came to hand on the 18 day of March, A. D. 1911," and further shows service on Crane and Cole on the following dates, "year 11, month 3, day 30"; those dates being tabulated, and the respective figures given being placed under the respective words preceding them. In view of the common usage

to express the year of a given date by using the last two figures only, and in view of the other portion of the officer's return, recited above, it clearly appears that the citation was served March 30, 1911. Schneider v. Dorsey, 96 Tex. 544, 74 S. W. 526; O'Donnell v. Kirkes, 147 S. W. 1167 (cause No. 7,399), opinion by this court April 20, 1912, and not yet published.

[2] We know of no statute which specifically requires the clerk to indorse his file mark upon a citation after its return to him by the officer charged with the duty of serving it. Furthermore, when returned to the custody of the clerk, it is then filed as a matter of law, even though no file mark be placed upon it to evidence such filing. Lessing v. Gilbert, 8 Tex. Civ. App. 174, 27 S. W. 751, and decisions there cited. The citation and service indorsed thereon appear in the transcript to this court, and are duly certified by the clerk of the district court as a part of the proceedings in the case; and, as the judgment contains a recital of service upon appellants, it sufficiently appears that the citation and the officer's return thereon were before the trial judge at the time the judgment was rendered, and that the judgment by default was predicated thereon.

As plaintiff in error J. B. Cloyes has been dismissed from the suit by order of this court, upon motion of defendant in error, the assignments relating to the judgment against him will not be discussed.

The assignment addressed to the judgment against Jackson is overruled, because it is predicated upon the assumption that, by reason of the objections discussed already, the judgment against the other plaintiffs in error was erroneous, which assumption is incorrect.

The judgment is affirmed.