## MILLER v. DAVIS. (No. 8285.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 4, 1915.)

1. VENDOR AND PURCHASER ⬠281 — ACTION ON NOTES—ELECTION TO ACCELERATE—SUFFICIENCY OF ALLEGATION.

In a suit to collect vendor's lien notes, an allegation that plaintiff was the owner and holder of all the notes, and had elected to exercise his option and to mature all of them, was a sufficient allegation of the owner's intention to mature all the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. ⬠281.]

2. PROCESS ⬠133 — SERVICE OF CITATION—RETURN—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1864, does not require an officer's return to show the date when he received the citation, but only when the citation was served and the manner of service. Article 1855 makes it the officer's duty to indorse on a citation the time when received, and to execute and return it without delay. A citation returnable to a term beginning July 6, 1914, was returned to the clerk's office on June 22d, with a return that it had been received on July 17th. *Held*, that the use of the word "July" instead of "June" was an inadvertence, so that the claim that service was made at an impossible date was not sustainable.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 164; Dec. Dig. ⬠133.]

Error from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by J. S. Davis against C. R. Miller. Judgment for plaintiff, and defendant brings error. Affirmed.

D. G. Hunt, of Eastland, for plaintiff in error. Scott & Brelsford, of Eastland, for defendant in error.

BUCK, J. The defendant in error filed his original petition in the district court of Eastland county on the 13th day of June, 1914. The suit was to enforce the collection of certain vendor's lien notes in said petition mentioned, executed by Charles Pettit, Jr., in part consideration for the land in said petition described, and against C. R. Miller, as subsequent purchaser of said land, for which said notes were given. There were five of said notes in the sum of $350 each. Notes Nos. 1 and 2 had been fully paid at the date of suit, and there remained due and unpaid on note No. 3 $39 principal, and interest on notes Nos. 3, 4, and 5. The notes provided that the failure to pay any note, or any installment of interest thereon, when due should, at the election of the holder, mature all of said notes. Plaintiff alleged:

"That said plaintiff is the owner and holder of all three said notes, and has elected to exercise his option and to mature all of said notes."

Judgment was rendered for plaintiff against Charles Pettit, Jr., for $846.48, principal, interest, and attorney's fees, and for foreclosure. No personal judgment was rendered against defendant Miller, plaintiff in error, but the land was ordered to be sold divested of any claim of title of said Miller.

[1] By his first assignment plaintiff in error questions the sufficiency of the allegation in the petition as to the intention of the owner of the said notes to mature them. We think there is no merit in the assignment, and it is accordingly overruled.

[2] Under his second assignment an attack is made on the sufficiency of the service of citation on Charles Pettit, Jr., who has not appealed, and the return thereon by the sheriff of Denton county. Said return is as follows:

Came to hand on the 17th day of July, 1914, at 6 o'clock p. m., and executed in Denton county, Tex., by delivering to each of the within named defendants in person a true copy of this citation (together with accompanying certified copy of the plaintiff's petition), at the following times and places, to wit:

| Name. | Date. Month. | Day. | Year. | Time. Hrs. | Min. | M. | Place and Course and Distance from C. House. | At his place of business in Denton, Texas. |
|---|---|---|---|---|---|---|---|---|
| Charles Pettit | 6 | 22 | 14 | 9 | | A. M. | | At his place of business in Denton, Texas. |

The return shows to have been filed in the office of the district clerk of Eastland county on June 22, 1914. It is evident that the officer inadvertently wrote the 17th day of July, 1914, instead of the 17th day of June, 1914, as the date he received the citation.

This error is shown, not only by the date of service by said sheriff, but by the date of filing by the district clerk of Eastland county. Therefore we do not believe that the contention of the plaintiff in error that said service was made at an impossible date can be sustained. The term of court to which this citation was returnable convened July 6, 1914. Therefore, if it should be held that the return of the officer is sufficient to show service on June 22, 1914, such service would be sufficient to support the default judgment obtained. The recitation as to the date of service as given above was held to be sufficient in Cloyes v. Phillip, 149 S. W. 549. See, also, O'Donnell v. Kirkes, 147 S. W. 1167. Article 1864, Vernon's Sayles' Texas Civil Statutes, does not require that the return of the officer executing the citation shall show the date upon which he received such citation, but only "when the citation was served and the manner of service," etc. Article 1855 prescribes the duty of the officer as follows:

"It shall be the duty of the sheriff or constable to whom any citation shall be delivered to indorse thereon the day and hour on which he received it, and to execute and return the same without delay."

Though perhaps we are not called upon to limit by construction the purpose of this last-cited article, yet the writer is of the opinion that its purpose is to give statutory direction to the officer in order to fix his official liability for any neglect in making service and return of citation. But, be that as it may, from the record above quoted we think it is plainly shown that the use of the term "July" instead of "June," was a mere inadvertence, and that it is plainly shown that the service was made on the earlier date. Nor can we judicially determine, as contended by plaintiff in error that we should, that it is impossible for a citation served in Denton county at 9 o'clock a. m. on any certain date to be filed in the district court of Eastland county some time the same day. Hence this assignment is overruled, and the judgment of the trial court is, in all things, affirmed.

Affirmed.