# TEXAS INDEMNITY INS. CO. v. WILLIAMSON.

## No. 2803.

Court of Civil Appeals of Texas. El Paso.
March 16, 1933.

Rehearing Denied April 27, 1933.

Don Emery, T. L. Dyer, and R. K. Batten, all of Amarillo, for appellant.

Byron Skelton and Winbourn Pearce, both of Temple, and Jim Evetts, of Belton, for appellee.

HIGGINS, Justice.

Appellee, Williamson, was an employee of the Phillips Petroleum Company. On December 5, 1930, he filed claim for compensation with the Industrial Accident Board for an injury to his back, spine, etc., alleged to have been sustained in the course of his employment on July 29, 1929. His claim was by the board denied because of his failure to file the same with the board in six months after the injury and good cause not being shown, excusing such failure.

This suit was later filed by appellee to set aside the ruling of the board, resulting in judgment in his favor as for total and permanent incapacity.

■ A claimant for compensation, who fails to file his claim with the board within six months after injury, must show good cause for such failure, not merely for the six

months' period, but up to the date the claim is actually filed. Holloway v. Texas, etc. (Tex. Com. App.) 40 S.W.(2d) 75; New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175.

In this case sixteen months and five days elapsed between the date of injury and the filing of the claim with the board.

Plaintiff testified on direct examination, when asked why he did not file a claim with the Industrial Accident Board within six months after the date of his injury: "I never knew that it was absolutely necessary to file a claim with the Board." He further testified that he had had dealings with the insurance company on two occasions prior to his back injury, and that for the injury received to his leg in February, 1929, he personally did not make claim before the board, but as to the first injury he did sign some papers. He further testified that after his injury to his leg in February a Judge Routh came to see him in the hospital, and told him: "'Art, you go out fishing and hunting and forget about your expenses and all your troubles for thirty days and then come back to Breckenridge.' Nothing was said about settlement there. Later on when I got back to Breckenridge Mr. O'Brien asked me if I had received compensation and I told him 'no' and he said, 'Come around to the office,' and I went around to the office and received compensation." On cross-examination plaintiff testified that his compensation for his injury to his leg was paid by the insurance company within the six-month period after his injury. Plaintiff further testified on direct examination: "After I went to the hospital for the back injury no one came to see me and to discuss a settlement of compensation. Mr. A. R. O'Brien came to see me along in November, 1929, and we talked over matters not pertaining to the injury, and later on he asked me if it was rheumatic trouble that was causing me all the trouble and I told him the doctors all said that it was caused from an injury, and we stopped talking about that then. He then told me that the oil business was in bad shape and there wasn't much doing and that I wouldn't miss much by being sick or knocked out for the next six months, and he said that when I got able to do so for me to come back to Breckenridge and come around up to the office;" that he took this to mean that when he went to the Breckenridge office they would settle with him as they did before. Counsel then asked plaintiff: "Q. And is that the reason you did not file your claim with the Industrial Accident Board for compensation?" And the witness answered: "A. Yes, sir, that is the reason I did not file it; I considered that they had been notified of the injury."

Mrs. A. E. Williamson also testified for the plaintiff, and she stated in her testimony that Mr. O'Brien told plaintiff that when he was able to go to work for him to come back to Breckenridge and come up to the office.

Plaintiff further testified that he first learned that he was required to file a claim before the board when his wife went to Austin regarding other insurance policies. Mrs. A. E. Williamson, wife of the plaintiff, testified that she went to Austin regarding said other insurance policies in January or February, 1930. Mrs. Williamson further testified that plaintiff requested her to report to other insurance companies, and that on the 6th of August, 1929, she wrote one insurance company and on the 12th of August she wrote a second insurance company, reporting his injury, and making claim for insurance. Mrs. Williamson further testified that she knew that Mr. O'Brien was to see plaintiff on November 2, 1929, because she marked the calendar, and that she marked the calendar because she wanted to keep this date in mind during her husband's illness, and that she noted the calendar to see that this visit of O'Brien was within the six-month period after plaintiff's injury.

We regard the evidence as wholly insufficient to excuse the delay in filing the claim until December 5, 1930.

If it be conceded that some slight reason existed excusing the first few months of delay, nevertheless in January or February, 1930, appellee's wife went to Austin, and he then learned from her no claim had been filed with the board, that it was necessary to do so and should still be filed. But he waited nine months longer before filing same and no excuse for such delay is shown.

█ We therefore hold that the evidence is insufficient to excuse the delay and for this reason appellant's motion for an instructed verdict made at the close of the evidence adduced by both sides, should have been granted. Zurich, etc., v. Walker (Tex. Com. App.) 35 S.W.(2d) 115.

Upon other issues of fact presented by the appeal we make additional findings of fact as follows:

█ (1) The evidence is sufficient to sustain the implied finding of the court in overruling appellant's plea in abatement, that the appellee's petition was received for filing by the district clerk of Upton county within twenty days after appellee filed with the Industrial Accident Board notice that he would not abide by the ruling and decision of the board. For this reason the suit is to be considered as having been filed when the petition reached the clerk (Lessing v. Gilbert, 8 Tex. Civ. App. 174, 27 S. W. 751), and the overruling of appellant's plea in abatement presents no error.

(2) The evidence is insufficient to show the proper average weekly wage upon which appellee's compensation should be based, and

234

appellant's fourth proposition raising this point is sustained.

(3) The evidence is sufficient to raise an issue as to whether the disability under which appellee is now suffering was caused by the previous injury which he received in February, 1929, and appellant's propositions 7 and 8 raising this point are sustained.

These three additional findings of fact are made to the end that it may not be necessary for the Supreme Court to remand the case to this court for further consideration in the event the Supreme Court should overrule our ruling that the evidence is insufficient to excuse the delay in filing the claim until December 5, 1930.

The evidence upon the issue of such delay has been fully developed and necessitates reversal and rendition. It is therefore unnecessary for us to consider other propositions presented by appellant which raise purely questions of law and if they were sustained would require only remanding the case for retrial.

For the reason shown, the judgment is reversed and here rendered in favor of appellant.