### BLACKBURN et al. v. STATE ex rel. ECHOLS et al.

No. 1266.

Court of Civil Appeals of Texas. Eastland.

April 27, 1934.

Rehearing Denied May 25, 1934.

Frank S. Roberts and Floyd Jones, both of Breckenridge, for appellants.

W. O. Gross, of Mineral Wells, and D. T. Bowles, of Breckenridge, for appellees.

LESLIE, Justice.

The relators, W. A. Deavers, Pate Echols, and Arthur Truesdale, individually and as taxpayers of the Oak Grove common school district No. 29, Stephens county, Tex., said persons as the board of trustees of said district, and the state of Texas, by her district attorney for the Ninetieth judicial district of Texas, filed this suit complaining of Millie Blackburn, county school superintendent of Stephens county, Tex., the county school trustees of said county, and the Caddo independent school district, a corporation duly incorporated by a special act of the Legislature. The trial resulted in a judgment in favor of the relators, and the respondents appeal.

The object of the suit was to cancel an order of the board of the county school trustees of said county, since said board, on April 7, 1930, without giving any notice to the trustees of the Oak Grove common school district, detached 1,960 acres of land from the latter district and annexed it to the Caddo independent school district. A petition seeking such action was filed with the board of county school trustees, and the prayer was granted the same day.

The relators filed an original petition in the nature of a quo warranto proceeding on August 15, 1930, and thereafter, on October 11, 1930, the presiding district judge of Stephens county entered an order granting leave for the filing of said petition, and directed the clerk to issue citation thereon. On the same day the respondent Caddo independent school district filed a waiver of citation and a disclaimer of any interest in the subject-matter of the suit or the 1,960 acres of land detached. Supporting this was the resolution of the Caddo independent school district authorizing the waiver and disclaimer.

Six days later, on October 17, 1930, the respondents Millie Blackburn, county school superintendent, and the county school trustees, who had theretofore been dismissed from the suit, were, on their own motion, reinstated as defendants by order of the court.

Other facts pertaining to the prosecution of the litigation and the initiation thereof are evidenced by the following data taken from the testimony:

October 11, 1930, permission was given by the court to the relators to file the quo warranto proceeding in the name of the then district attorney, L. H. Welch. That order of the court is in the following language: "On this the 11 day of October, 1930, came on to be heard the petition of the State of Texas, ex rel, Pate Echols, et al vs. Millie Blackburn, et al; said petition filed by and through L. H. Welch, District Attorney of the 90th Judicial District of Stephens County, Texas, and said petition being filed on August 15, 1930, and application to file the same having been called to the attention of the Court, and the Court being satisfied that there is probable grounds of said proceedings, it is therefore ordered, adjudged and decreed by the court that leave to file said information in the nature of quo warranto proceedings by and through L. H. Welch, District Attorney of the 90th Judicial District, is hereby granted and the clerk is directed to issue proper citation to said defendant."

On September 8, 1931, the court made notation on his docket, "All parties given leave to amend." On October 19, 1931, notation was made, "Passed by agreement of all parties." On February 8, 1932, further notation was made, "Continued by agreement."

Hence it appears from the record, and is so stated in the appellees' brief, and uncontradicted by appellant, that the case was passed from time to time by agreement to wait the opinion of the Supreme Court in the case of Board of School Trustees of Young County et al. v. Bullock Common School District et al., which is now to be found in 55 S.W.(2d) 538. Under these circumstances, it is the contention of the respondents, or appellants, that, although the district court authorized the institution of the quo warranto proceeding on October 11, 1930, as evidenced by the above order, no citation was issued in pursuance of the order, and no action taken thereon until May 29, 1933, when the relators filed, under leave of the court, their first-amended original petition in the nature of quo warranto proceedings, and at which time the clerk of the court was then ordered to issue proper citation to said respondent Caddo independent school district, a corporation. It appears that such process was issued in connection with the filing of this amended original petition.

In other words, under the above state of facts, the respondents Caddo independent school district et al. make the contentions (1) that, since the relators filed the original petition, without leave of the court, on August 15, 1930, and did not file additional pleadings in the nature of quo warranto proceeding, under leave of the court, until May 29, 1933, and (2) no process whatever issued until May 29, 1933, and (3) prior thereto the Legislature having validated all school districts in Texas (article 2742k, Vernon's Ann. Civ. St.), and (4) prior thereto the county school trustees of Stephens county, having created and established the "Caddo rural high school unit," and included therein the territory above detached without objection on the part of the relators, said relators became barred and estopped from maintaining an action in the nature of quo warranto proceedings to determine the validity of the order passed April 7, 1930, annexing the territory involved to the Caddo independent school district. These contentions arise out of the court's ruling adversely to the respondents on their pleas in abatement, bar, and estoppel, etc.

This record does not bear out the contention that the relators at any time abandoned their suit evidenced by the original petition filed August 15, 1930, and expressly authorized by the district court's order of Oc-

tober 11, 1930, above set out. The record is deemed conclusive to the contrary. The authority given by the court in the order to institute the proceeding related back to August 15, 1930, but, if it could be said that there is any doubt of the correctness of this conclusion, the authority granted by such order became operative October 11, 1930, and by virtue thereof the original petition, in the nature of a quo warranto proceeding, then and there became a filed instrument effective as such, and that without regard to whether or not the clerk of the court indorsed his file mark on said instrument on said date.

■■ Omission of a clerk to make a proper indorsement on paper left with him does not prejudice rights of party filing same. Holman v. Chevaillier, 14 Tex. 337; Whitman Agricultural Co. v. Voss, 2 Willson, Civ. Cas. Ct. App. § 548, p. 492; Turner v. State, 41 Tex. 552. Placing of paper, legally entitled to be filed, in the official custody of clerk, is filing thereof. Holman v. Chevaillier, supra; Snider v. Methvin, 60 Tex. 494; Jones v. Wells, 3 Willson, Civ. Cas. Ct. App. § 94, p. 118; Lessing v. Gilbert, 8 Tex. Civ. App. 174, 27 S. W. 751, 752. The official file mark on such instrument is a mere memorandum serving as evidence of the fact of filing. 25 C. J. p. 1127, § 5, notes 52–53. We overrule the contention that the quo warranto proceeding was not legally instituted until May 29, 1933. Under these circumstances, there was no necessity that the relators, on October 11, 1930, physically or manually withdraw from the hands of the clerk the petition designed to institute the proceeding and then hand it back to him that he might again indorse the file mark thereon.

As above noted, the Caddo independent school district, on October 11, 1930, entered its appearance in this cause and filed disclaimer. On October 17, 1930, the county school superintendent and the board of county trustees, on their own motion, were reinstated as defendants. From those dates, these respondents, respectively, submitted themselves to the active jurisdiction of the district court. These acts on their part brought them into court as effectively as if they had been served with process, and the later service of process on either of them, pursuant to the filing of the first-amended original petition, neither added to nor took from the power of the court to take up at a proper time and adjudicate the issues in the case. The litigation involved originated not later than October 11, 1930. The identical controversy remained the same throughout, and, further, the original order granting permission to file the proceeding in the first instance was never modified or set aside.

In view of these conclusive facts, there is no merit in the contention that the relators "did not file any pleadings in the nature of quo warranto proceeding, under leave of the court, until May 29, 1933." If we are correct in this conclusion, the further contention that article 2742k (Acts 1931, 42d Leg. p. 426, c. 257, § 1) Vernon's Annotated Civil Statutes, validated the boundaries of the Caddo independent school district embracing the territory here in litigation must be overruled. The reason is obvious. Bona fide litigation involving the organization or creation of said districts, wrought by the rearranging of said territory, was pending when the validating act became effective May 28, 1931, and, by a provision in that statute, that act did not operate upon the subject-matter of the suit.

■ This brings us to the gist of the case. It is undisputed that the county school trustees of Stephens county detached said territory from the Oak Grove common school district and annexed it to the Caddo independent school district, without giving any character of notice whatever to the trustees of the common school district that such matter was being considered. This suit challenges that action of the board as illegal and invalid. That such is the case has been definitely decided in the opinion of the Board of County School Trustees v. Bullock Common School District (Tex. Com. App.) 55 S.W.(2d) 538. The Court of Civil Appeals at Fort Worth likewise decided the points when the same case was before it. 37 S.W.(2d) 829. The facts of the instant case bring it within the rule announced in these decisions.

Further, there are no facts in this case tending to estop the relators to prosecute this suit.

The opinion in Prosper Independent School District et al. v. Collins County School Trustees et al. (Tex. Civ. App.) 51 S.W.(2d) 748, and 58 S.W.(2d) 5, cited and relied on by the appellants, is not applicable to the facts of this case. There the rights of two independent school districts under article 2742f, Vernon's Ann. Civ. St., were involved, and in that case notice was given.

For the reasons assigned, the judgment of the trial court is affirmed.