

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Attention: Mr. T. H. Ridgeway

Dear Sir:

Opinion No. O-5300
Re: Amount of fees to be charged
Notaries Public for qualifying
under the new law.

Your letter of May 13, 1943, requesting the opinion
of this department on the questions stated therein reads as
follows:

"The Hon. Albert G. Trawalter, County Clerk
of Bexar County has requested an opinion from
the Criminal District Attorney of this county
on the amount of fees he should charge Notaries
Public for qualifying under the new law. Under
the previous statute, the fees were as follows:

| | |
|---|---:|
| "Secretary of State | $1.00 |
| Approving Bond | .50 |
| Administering Oath | .50 |
| Recording Bond | .50 |
| Total | $2.50 |

"In this connection we wish to direct your at-
tention to Section Four of the recent law enacted
by the 48th Legislature:

"'4. At the time of such qualification the
County Clerk shall collect the fees allowed him by
law for administering the oath and approving and
filing the bond of such Notary Public, together

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

with the fee allowed by law to the Secretary of State for issuing a commission to such Notary Public.'

"You will observe from Section 4 that the recording clerk shall collect for administering the oath, approving and filing the bond together with the fee allowed by law to the Secretary of the State. No mention is made of any fee for recording the bond as provided by the previous statute.

"The first question is whether or not the County Clerk should charge a fee of 50¢ for recording the bond as provided for by the previous statutes. The second question is, in cases where the oath is administered by an outside authority, should the County Clerk collect the fee of 50¢ upon the oath. The third question is whether or not it is necessary under the law as recently amended by the Legislature, for the County Clerk to index the bonds when they do not have to be recorded, in order to facilitate in locating them after they are filed. If so, could a charge be made for same, in place of recording.

"Due to the State wide importance of these three questions we deem it advisable for us to submit the questions to you for determination.

"We do not know of any decision of any Court that might aid us in determining these questions. Our County Clerk is under the impression that he should charge the 50¢ provided for by the previous law for recording the bond in view of the fact that the filing and retention of the bonds in his office would, in a manner, constitute a record of the same.

"These questions are very urgent at this time and we would like to request an opinion at your earliest convenience."

Senate Bill No. 335, Acts of the 48th Legislature, Regular Session, 1943, is an act amending Article 5949, Vernon's Annotated Civil Statutes. Said act expressly repeals

Honorable John R. Shook, Page 3

Articles 5950, 5951, 5952 and 5953, Vernon's Annotated Civil Statutes. Senate Bill No. 335, supra, expressly provides:

"This act may be known and cited as the Notary Public Act of 1943."

We quote from said act as follows:

". . . At the time of such qualification the County Clerk shall collect the fees allowed him by law for administering the oath and approving and filing the bond of such Notary Public, together with the fee allowed by law to the Secretary of State for issuing a commission to such Notary Public.

". . . Any person appointed a Notary Public before entering upon his official duties, shall execute a bond in the sum of One Thousand ($1,000) Dollars with two or more solvent individuals, or one solvent surety company authorized to do business in this State, as surety, such bond to be approved by the County Clerk of his county, payable to the Governor, and conditioned for the faithful performance of the duties of his office; and shall also take and subscribe the official oath of office which shall be endorsed on said bond with the certificate of the official administering the same. Said bond shall be deposited in the office of the County Clerk and shall not be void on the first recovery, and may be sued on in the name of the party injured from time to time until the whole amount thereof has been recovered. . . ."

Article 5953, Vernon's Annotated Civil Statutes, (now repealed) expressly provided that notarial bonds must be recorded in the office of the County Clerk. However, the present law does not require such bonds to be recorded.

The statutes of this State do not provide for any certain or specific fee for the County Clerk in recording notarial bonds. However, Article 3930, Vernon's Annotated Civil Statutes, provides that the County Clerk shall receive ten cents (10¢) for each hundred words for recording all papers required or permitted by law to be recorded, not otherwise provided for, including certificate and seal.

Honorable John R. Shook, Page 4

Prior to the enactment of Senate Bill No. 335, supra, when notarial bonds were required to be recorded in the office of the County Clerk this statute (Article 3930) permitted the County Clerk to charge ten cents (10¢) for each hundred words for recording a notarial bond. Prior to the enactment of said Senate Bill No. 335, the County Clerk was entitled to charge One Dollar ($1.00) for the commission of a Notary Public, which was to be remitted to the Secretary of State, and fifty cents (50¢) for administering the oath of office, fifty cents (50¢) for approving the bond and ten cents (10¢) for each hundred words for recording the bond of a Notary Public. (Articles 3930 and 3914, Vernon's Annotated Civil Statutes).

As heretofore stated, Senate Bill No. 335, supra, does not require notarial bonds to be recorded. Therefore, it necessarily follows that the County Clerk should not charge a fee of fifty cents (50¢) for recording the bond as mentioned in your letter or any other fee.

With reference to your second question you are advised that it is our opinion that where the oath is administered to a Notary Public by an outside authority the County Clerk is not entitled to collect a fee of fifty cents (50¢) for administering the oath. Article 3930, Vernon's Annotated Civil Statutes, expressly provides that the County Clerk is entitled to a fee of fifty cents (50¢) for administering the oath to a Notary Public. Before the County Clerk would be entitled to such fee he would have to administer the oath.

"It is well established in this State that statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." (See Texas Jurisprudence, Vol. 34, pages 508-9-10-11 and authorities cited therein).

We now consider your third question. Senate Bill No. 335, supra, expressly provides that "said bond shall be deposited in the office of the County Clerk". We construe this provision of the act as requiring the Notary Public to file his official bond in the office of the County Clerk. By your third question you seek our opinion as to whether or not Senate Bill No. 335, requires the County Clerk to index notarial bonds. We answer this question in the negative.

520

Honorable John R. Shook, Page 5

There are several statutes which require the County Clerk to keep alphabetical indexes and cross indexes to certain books and records in his office. However, we fail to find any statute requiring a County Clerk to keep an index of notarial bonds. As heretofore stated, the Notary Public must file his official bond with the County Clerk. In the case of Holman v. Chevailllier's Admr., 14 Tex. 337, the court defines and explains the filing of papers:

"The filing by the party in our practice consists simply in placing the paper in the hands of the clerk, to be preserved and kept by him in his official custody as an archive or record, of which his office becomes thenceforward the only proper repository. Though the ancient mode of filing papers has gone into disuse, the phraseology of the ancient practice is retained in the common expressions 'to file', 'to put on file', 'to take off the files', etc., from 'filum', the thread, string or wire used in ancient practice for connecting the papers together. The term 'file' is also used to denote the paper placed with the clerk and assigned by the law to his official keeping. A file is a record of the court. It is the duty of the clerk, when a paper is thus placed in his custody or 'filed' with him, to indorse upon it the date of its reception and retain it in his office, subject to inspection by whomsoever it may concern, and that is what is mean by his 'filing' the paper. But where the law requires or authorizes a party to file it, it simply means that he shall place it in the official custody of the clerk. That is all that is required of him."

With reference to the amount of fees to be charged Notary Publics for qualifying you are advised that the County Clerk is entitled to charge One Dollar ($1.00) for the commission of a Notary Public which is to be remitted to the Secretary of State, and fifty cents (50¢) for administering the oath of office when the oath is administered by the County Clerk, fifty cents (50¢) for approving the bond and five cents (5¢) for filing the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

RECEIVED MAY 19, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

ap