## HENRY H. SAGER *vs.* MICHAEL MOY *et al.*

In a tort action against two persons judgment was rendered against both. One paid the judgment, and afterwards the other appealed.
*Held,* that the payment extinguished the judgment, that there was nothing to appeal from, and that the appeal was void.

EXCEPTIONS to the Court of Common Pleas.

*May 4,* 1887. PER CURIAM. This is an action of trespass *de bonis asportatis,* originally brought against Michael Moy and Arthur Sherman in the Justice Court of Pawtucket, wherein judg-

---

    ment was rendered against both defendants for $3.94 damages and costs taxed at $8.75. Judgment was rendered January 5, 1886, and on January 9, 1886, was satisfied by payment of the debt and costs by the defendant Sherman. After the payment an appeal was taken to the Court of Common Pleas by the defendant Moy. At the trial in the Court of Common Pleas the plaintiff requested the court to dismiss the appeal, claiming that it was improperly taken. The court denied the request. The jury returned a verdict for the defendant and judgment was rendered thereon for the defendant for his costs. The case comes before us on exceptions taken by the plaintiff on the ground that the court erred in refusing to dismiss the appeal.

We think the refusal to dismiss the appeal was error; for it is well settled that payment by one primarily liable, as a judgment debtor, extinguishes the judgment. *Kippel* v. *Shields*, 90 Ind. 81, and cases therein cited. Freeman on Judgments, §§ 466, 467. It follows that upon payment by Sherman, the judgment was discharged and extingushed, and ceased to be a judgment against either defendant, and could therefore no longer be appealed from. It was not, after such satisfaction, a judgment by which the defendant Moy was aggrieved.

Exceptions sustained, and proceedings dismissed without costs, there being no appeal.

*Nathan W. Littlefield*, for plaintiff.
*George J. West*, for defendant Moy.