E. K. KUYKENDALL ET AL. V. M. J. S. COULTER.

No. 888.

**Joint and Several Judgment Upon Joint Obligation.**—Suit upon a joint note, the petition alleging it as joint and several. Judgment by default for plaintiffs. Judgment final jointly and severally against all the defendants. *Held*, not error.

ERROR to County Court of Llano County. Tried below Hon. W. S. MAXWELL, County Judge.

Suit was brought upon a promissory note executed by the four defendants. The note was set out in full, and was a joint obligation by the makers. The petition, however, alleged that the instrument was a joint and several obligation. The defendants did not appear, and judgment final by default was rendered. The judgment was joint and several against the several defendants. There is no statement of facts, and the case is brought up for revision by writ of error. The only assignment complained of was the form of the judgment.

*Flack, Moore & Connerly*, for plaintiffs in error.

*Slator, McLean & Spears*, for defendant in error.—1. It was proper for the court to render judgment against the plaintiffs in error, jointly and severally, for the full amount of the indebtedness, as the petition declared on a joint and several note, and the plaintiffs in error confessed the allegations in the petition by their default. Long v. Wortham, 4 Texas, 381; Guest v. Rhine, 16 Texas, 549; Watson v. Newsham, 17 Texas, 437.

2. In any event, it was proper for the court to render judgment against the plaintiffs in error, jointly and severally. The obligation on a joint note, when reduced to judgment against all parties to it, becomes a joint and several obligation. Black on Judg., sec. 210, and authorities cited; 1 Pars. on Con., 30; Add. on Con., sec. 47.

Article 1256, Revised Statutes, virtually abrogates the distinction between joint and joint and several obligations. Wooters v. Smith, 56 Texas, 198.

KEY, ASSOCIATE JUSTICE.—But one question is presented in this case. The note sued on was a joint but not a several obligation; the court rendered a joint and several judgment. Because the judgment is several as well as joint, it is charged that reversible error exists.

Though an obligation may be joint and not several, if a separate suit can be maintained against each obligor, then it is proper to render a several judgment, whether one or all be sued. Black on Judg., sec. 210.

Article 1256, Revised Statutes, as construed in Forbes v. Davis, 18 Texas, 274, and Wooters v. Smith, 56 Texas, 198, authorizes a separate suit and a separate judgment against persons jointly though not severally bound. Of course, if it is proper to render a several judgment on such an obligation, therefore, when more than one obligor is sued, it is proper to render a joint and several judgment.

We find no error in the record, and affirm the judgment.

*Affirmed.*

Delivered May 30, 1894.