NORRIS IMPLEMENT CO. v. OGDEN et al.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912. Rehearing Denied May 4, 1912.)

APPEAL AND ERROR (§ 158*)—RIGHT OF REVIEW—JUDGMENT—PAYMENT OF JUDGMENT BY INTERVENER.

Where, in an action to enforce a landlord's lien, a judgment for plaintiff was satisfied by an intervener claiming ownership of certain personal property on which plaintiff sought to foreclose the lien, an appeal by the intervener would not lie.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 973–977; Dec. Dig. § 158.*]

Appeal from Childress County Court; W. G. Gross, Judge.

Action by Alfred Ogden against W. R. White to recover certain rents and to foreclose a landlord's lien on certain cotton against defendant White and others, in which the Norris Implement Company intervened and claimed the cotton. Judgment having been rendered for plaintiff in the sum of $346.79, and this having been paid, the Implement Company appeals. Dismissed.

Jos. H. Aynesworth, of Childress, for appellant. Hamilton & Davidson, of Childress, for appellees.

HALL, J. Alfred Ogden filed this suit in the county court of Childress county, against W. R. White, to recover the sum of $400 rents, alleged to be due him from said defendant, and to foreclose his landlord's lien on five bales of cotton against the said White, J. J. Addington, and Otto Prixler. The Norris Implement Company, appellant, filed its plea of intervention, claiming ownership of the cotton. Upon a trial before the court without a jury, judgment was rendered for Alfred Ogden in the sum of $346.79 and costs. By cross-assignment, appellee Alfred Ogden calls to the attention of this court the fact that on January 30, 1911, nine days after the rendition of the judgment in the county court, the same was satisfied in full, and submits this proposition: "Where a defendant voluntarily pays off and satisfies a moneyed judgment rendered against him, leaving nothing but the costs unpaid, and then afterwards appeals from such judgment, his appeal should not be entertained simply to litigate the costs in such case." The judgment in the county court was rendered January 17, 1911, and the marginal note upon the judgment referred to is as follows: "Received January 30, 1911, the sum of $346.49, in full payment and satisfaction of this judgment. [Signed] Hamilton & Davidson, Attorneys for Plaintiff." Nowhere in the record is there shown any process enforcing said judgment, and appellant's counsel, by supplemental brief, as well as in oral argument, admits the voluntary payment of the judgment by appellant, so the question presented squarely for our decision is: Does the voluntary payment of a judgment by the defendant extinguish the judgment so as to prevent an appeal therefrom?

There are several cases in this state to the effect that a plaintiff who has accepted satisfaction of the judgment cannot appeal from it, but we have had considerable difficulty in determining the question of the right of appeal by the judgment debtor who pays the amount of the judgment rendered against him. The authorities upon this question from other states are divided, and a careful research leads us to the conclusion that the weight of such authority is to the effect that such payment does not preclude the right of appeal in the absence of a statutory provision to the contrary. 2 Standard Proc. p. 208; 2 Cyc. 647. On the other hand, there are a number of authorities holding, in well-considered opinions, that a defendant paying a judgment against him waives, by so doing, his right of appeal, among these, San Mateo County v. So. Pac. Co., 116 U. S. 138, 6 Sup. Ct. 317, 29 L. Ed. 589; Morton v. Super. Court, 65 Cal. 496, 4 Pac. 489; Borgalthous v. F. & M. Insurance Co., 36 Iowa, 250; Rolette County v. Pierce County, 8 N. D. 613, 80 N. W. 804; Sager v. Moy, 15 R. I. 528, 9 Atl. 847. If we should follow the weight of authority in other states, we would be bound to hold that the payment by defendant in this instance did not waive his right of appeal. In the case of Tutts Heirs et al. v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122, plaintiff instituted a suit in trespass to try title, in which it was sought to recover certain premises and rents. There was a judgment in favor of plaintiff for the premises and for rents. Defendants settled the personal judgment for rents, appealing from the remainder of the judgment, and on appeal assigned error upon that part of the judgment against them for rents. Upon this issue, Bookout, Justice, said: "The eighth, ninth, tenth, and eleventh assignments of error relate to and complain of the judgment in favor of plaintiff for rents. It is

admitted that the personal judgment for rents has been settled, and hence we decline to pass upon these assignments." In the case of Payne v. State, 12 Tex. App. 163, the appellant had paid a fine assessed against him and appealed from the judgment. Our Court of Criminal Appeals held that no appeal would lie from a satisfied judgment, and this decision has been cited with approval, in the case of Washington v. Cleland, 49 Or. 13, 88 Pac. 305, 124 Am. St. Rep. 1013.

We have not been able to find any expression of opinion by our Supreme Court upon this question, and in deference to the opinions of our Court of Criminal Appeals, and of the Court of Civil Appeals of the Fifth District, we hold that the rule is established in this state that a satisfied judgment, under the conditions set out, will not support the appeal, and appellees' cross-assignment of error is sustained, and the appeal dismissed.