## O'DONNELL et al. v. KIRKES.

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1912.)

1. PROCESS (§ 133*)—SERVICE — RETURN — FORM AND REQUISITES.

A sheriff's return of the service of a citation is not defective, because it indicates that it was served in the year "11," with no abbreviation mark to indicate that the year 1911 was meant; the date of the service being clearly apparent.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 164; Dec. Dig. § 133.*]

2. PROCESS (§ 134*)—SERVICE — RETURN — FORM AND REQUISITES.

The sheriff's return of the service of a citation is not defective, because it states that it was served on "R. L. McCalley," where it also states that it was served on the "within-named defendant," who was "R. L. McCaulley."

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 164–169, 176; Dec. Dig. § 134.*]

3. APPEAL AND ERROR (§ 1173*)—DISPOSITION OF CAUSE — MODIFICATION OF JUDGMENT.

Where, on an appeal, the plaintiff moves to dismiss the suit as to a defendant who was not properly served, the motion will be granted, instead of reversing the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

Error from District Court, Nolan County; Jas. L. Shepherd, Judge.

Action by L. M. Kirkes against T. J. O'Donnell and others. Judgment for plaintiff, and defendants bring error. Affirmed in part.

Crane & Bondies, of Sweetwater, for plaintiffs in error. Beall & Beall, of Sweetwater, and Theodore Mack, of Ft. Worth, for defendant in error.

SPEER, J. L. M. Kirkes, as plaintiff below, sued the plaintiffs in error in the district court of Nolan county, and sought to recover from them jointly and severally the amount of a promissory note, and from a default judgment all the defenants have prosecuted this writ of error.

[1] The point is made that the return of the sheriff on the citation served on plaintiffs in error Daniel and McCaulley shows an impossible date of service, in that it is shown to have been served in the year 11, without any abbreviation mark indicating that the year 1911 was meant. This we think is trivial, and the date of service clearly appears even to the most ordinary observer, which is all the law does or ought to require.

[2] The return shows service upon "R. L. McCalley"; but, if this is not idem sonans with McCaulley, it otherwise appears from the return that the writ was served on the "within-named defendant," who is shown to be "R. L. McCaulley."

[3] The objections to the service on plaintiff in error Doak appear to be and are well taken, and we would reverse and remand the case as to him only (Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548); but defendant in error has filed in this court a motion to dismiss his suit as to this plaintiff in error, and we accordingly grant the request and dismiss the suit as to this plaintiff in error. Texas-Mexican Ry. Co. v. Lewis, 99 S. W. 577.

As to the other plaintiffs in error, the judgment is affirmed.