PECOS & N. T. RY. CO. et al. v. COX.

(Court of Civil Appeals of Texas. San Antonio. June 26, 1912. Rehearing Denied Oct. 16, 1912.)

1. APPEAL AND ERROR (§ 1111*)—REVIEW—PRESUMPTIONS.

Where a ruling of the Court of Civil Appeals was made the subject of one of the errors assigned in the Supreme Court and the ruling was ignored by the Supreme Court, it may be presumed that the ruling was not considered error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411–4420; Dec. Dig. § 1111.*]

2. RAILROADS (§ 24*) — ACTIONS — SERVICE — SUFFICIENCY.

Where several railroads are parts of one line owned and controlled by one of the roads for which the others act as agents, a service on a general agent of the system was sufficient service on the controlling road.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 52–56; Dec. Dig. § 24.*]

3. JUDGMENT (§ 256*)—ACTIONS—CONFORMITY TO VERDICT.

A joint verdict against several railroads controlled by one of the roads justifies a joint and several judgment against the railroads.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

4. CARRIERS (§ 177*)—INITIAL CARRIER—LIABILITY.

An initial carrier of an interstate shipment is liable under the Carmack amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) for the negligence and delay of its connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–803; Dec. Dig. § 177.*]

5. CARRIERS (§ 47*)—CONTRACTS—AGENCY.

Where a shipper enters the offices of a carrier, he may assume that the person therein dealing with him has a right to bind the carrier, and, if he has not, the carrier must prove want of authority.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 107, 108, 134–141, 204; Dec. Dig. § 47.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**6. CARRIERS (§ 226*)—ACTIONS—PARTIES.**

Where one contracted for cars to ship cattle in his own name for a third person under his authority, he could recover for the delay in furnishing the total number of cars.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 226.*]

**7. EVIDENCE (§ 159*)—SECONDARY EVIDENCE.**

The testimony of a party to a contract that the contract was delivered to him is not objectionable as secondary evidence; the party not testifying as to the contents of the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 669–672, 699–703½, 711–714, 718, 718½; Dec. Dig. § 159.*]

**8. EVIDENCE (§ 537*)—OPINION EVIDENCE— COMPETENCY OF EXPERTS.**

One who has been engaged as a cattle salesman for 10 years and who has handled and fed cattle for many years, and who has shipped a great many cattle, is qualified as an expert as to what certain cattle should have gained in weight.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2345, 2346; Dec. Dig. § 537.*]

**9. EVIDENCE (§ 215*) — DECLARATIONS AGAINST INTEREST.**

A folder issued and circulated by railroads tending to show that they all belong to one system is admissible in an action brought against them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

**10. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.**

Where a fact was proved by evidence received without objection, any error in permitting a witness to testify to the same fact is not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from District Court, Hall County; L. S. Kinder, Judge.

Action by C. B. Cox against the Pecos & Northern Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 143 S. W. 606.

Terry, Cavin & Mills, of Galveston, Roscoe Wilson, of Lubbock, and Madden, Trulove & Kimbrough, of Amarillo, for appellants. R. R. Hazlewood and Lumpkin, Merrill & Lumpkin, all of Amarillo, for appellee.

FLY, J. At a former day of this term this court refused to consider the statement of facts and bills of exception, but a writ of error was granted by the Supreme Court, and it was held that, because the trial judge entered an order in vacation extending the time in which to file statement of facts and bills of exceptions, it should be presumed that he had the consent of the parties, although the record is silent in regard to any such consent. The Supreme Court referring to a statute enacted in 1909, p. 352, First Called Session, said: "We are of opinion that the statute copied above did not require the consent of the parties to be in writing, and, the judge having made an order that he could make only by consent of the counsel or parties, the court should presume that the consent was given." The decision has the effect of eliminating that part of the law reading "by consent of the parties," and puts it in the power of a district judge to do anything in vacation that he could do in term time, and, when his act is attacked, the reply will be, "It is presumed he obtained consent." While it is with reluctance that such a construction of the law is followed, we have considered the statement of facts and bills of exception. 143 S. W. 606.

We adhere to our ruling on the first assignment of error, which attacks the service on the Atchison, Topeka & Santa Fé Railway Company. Railway v. Cox, 141 S. W. 327. That ruling disposes also of the third, fourth, sixth, and seventh assignments. Our opinion has been strengthened by a consideration of the statement of facts, which clearly evinces a transparent effort to evade liability by the fiction of change of name at the border of the state. The question was submitted to the jury and the evidence was ample to support their finding.

[1] The ruling of this court was made the subject of one of the errors assigned in the Supreme Court, and, being ignored by that court, it may be presumed that it was not considered error.

[2] The railroad company, which claims that it was not cited, in some way learned of the proceedings in time to file an elaborate motion for a new trial. In the affidavit to the answer of the other railways concerned it was not sworn that the principal corporation was not represented by their agents, but it is carefully stated "that averments of facts in paragraph 16 of the foregoing answer denying partnership of said defendants and the Atchison, Topeka & Santa Fé Railway Company, or of any of said companies with any other of said companies are true and correct as therein stated." The motion for new trial filed by the Atchison, Topeka & Santa Fé Railway Company was not verified by affidavit, and consequently no one has sworn that the principal company's business was not done by the agents of the subcorporations. The evidence, on the other hand, is sufficient to show that the Atchison, Topeka & Santa Fé is in control of the other two roads, of which they form a part. Southern Pac. Co. v. Godfrey, 48 Tex. Civ. App. 616, 107 S. W. 1135. The facts are equally as cogent in this case as in the one cited. The agent, T. W. White, who was served with citation, was the general agent of the Santa Fé system.

The second assignment of error is overruled. The amounts found by the jury were by inadvertence, ignorance, or mistake written in the verdict prescribed in the charge, and the same verdict was written at the request of the jury, in open court, and was signed

by the foreman. The Atchison, Topeka & Santa Fé Railway Company was present at the proceeding, which was regular and proper. Only that company complains of the action in regard to the verdict.

[3] The verdict was a joint one, but the court properly rendered the judgment jointly and severally against the appellants. Kuydendall v. Coulter, 7 Tex. Civ. App. 399, 26 S. W. 748; Railway v. Crump, 32 Tex. Civ. App. 222, 74 S. W. 335. The last-cited case is directly in point, and was approved by the Supreme Court. The cases cited by appellants have no bearing on the point.

[4] The proposition that, "in an interstate shipment under contract limiting the liability of each carrier handling the shipment to its own line, one carrier cannot be held liable for the negligence and delay of its connecting carrier," is in the face of the federal statute known as the Carmack amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) and the authorities thereon. Railway v. Piper, 52 Tex. Civ. App. 568, 115 S. W. 107, which has been approved by the Supreme Courts of Texas and of the United States. The verdict is not excessive, and there is no evidence of the jury being influenced "by passion or prejudice or other improper motive and not governed by the testimony."

[5] The evidence was ample to show that appellee had a special contract with the appellants to furnish cars in which to ship his cattle. There can be no doubt about the authority of the agent to make the contract, or about his agency. When shippers enter the offices of common carriers, they have the right to assume that the persons therein dealing with them have the right and authority to bind the carrier, and, if they have not, the carrier should prove the want of authority. We overrule the tenth, eleventh, and twelfth assignments of error. The charge complained of was properly given.

The charge of which complaint is made in the thirteenth assignment of error was justified by the facts and was the law applicable thereto.

The proper measure of damages was given in the charge assailed in the fourteenth assignment of error. The decision in Railway v. Thompson, 44 S. W. 8, is confined to the peculiar facts of that case, and the decision so far as the correct measure of damages was concerned was not absolutely demanded; the only question being as to a charge that made the measure of damages the difference in the market value of the cattle when delivered and when shipped. The other authorities cited do not tend to sustain the contention of appellant. The evidence was uncontroverted that appellants agreed to furnish cars at a certain time. The fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-third assignments are overruled. If appellants desired more specific charges as to what was meant by the destination of the cattle, they should have requested them.

The assignments of error from the twenty-first to the twenty-eighth, inclusive, are without merit. The charge did not authorize a double recovery, and no contested issue was assumed therein.

[6] Cox contracted for 20 cars and shipped the cattle in his name for Knight, under his authority, and he could recover for the delay in furnishing the total number of cars. Cox was the agent of Knight in the shipment of the cattle, and had the authority to recover damages for a failure to deliver the cars. The cattle were shipped in his name. Railway v. Smith, 84 Tex. 348, 19 S. W. 509; Railway v. Dawson, 24 S. W. 566; Railway v. Barnett, 26 S. W. 783; Parks v. Railway, 30 S. W. 708; 1 W. & W. § 1247; Elliott on Railroads, § 1692.

The twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, and thirty-fifth assignments are without merit. The evidence justified the verdict for the damages found by the jury. The evidence showed negligence on the part of appellants which was the proximate cause of the damages to the cattle, and the court did not assume the existence of any fact in the charge complained of.

The testimony assailed in the thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, and forty-first assignments was permissible, and the assignments are overruled.

[7] Cox testified that he received from the agent of appellants four or five contracts, one for each shipment of cattle, and that testimony was objected to, and its admission assigned as error in the fortieth assignment of error. It was objected to as secondary evidence. How it was possibly secondary is not shown. He swore to the delivery to him of the contracts, and it is not conceivable that there was any better evidence of that fact. He did not testify as to the contents of the contracts. The terms of the contracts were fully alleged in the answer of appellants.

[8] The witness Tom McKee testified that he was a cattle salesman and had been so engaged for ten years, and had handled and fed cattle for many years. He also testified that he had shipped a great many cattle from Texas to Kansas and Missouri, and yet it is claimed under the forty-second assignment that he was not qualified as an expert "as to what the cattle should have gained in weight." The assignment is overruled as well as the forty-third, forty-fourth, and forty-fifth which are without merit. The propositions under the last-named assignment are outside the objections made to the evidence in the bill of exceptions.

[9] The folder was properly admitted in evidence as tending to show that all the defendants belonged to the same system. Southern Pac. Co. v. Godfrey, herein cited,

where the point is decided adversely to appellants.

[10] The evidence of Cox as to the usual gain made by cattle in Kansas pastures was admissible, but, if not, testimony to the same effect by Henry Harding and others was admitted without objection, and appellants have no ground of complaint, as set out in the forty-seventh assignment. In the same connection the forty-eighth, forty-ninth, fiftieth, fifty-first, fifty-second, and fifty-third assignments are overruled. The fifty-fourth and fifty-fifth are disposed of in connection with other assignments herein.

The fifty-sixth assignment of error is overruled. The charge requested was unnecessary, inapplicable, and was properly refused. The same may be said of the charges, the rejection of which is complained of in the fifty-seventh, fifty-eighth, fifty-ninth, sixtieth, sixty-first, and sixty-second assignments of error, and they are overruled.

We have considered the sixty-two assignments of error found in a brief containing 267 pages of printed matter, and do not think any error has been presented that would require a reversal. We regret that the cause was not properly briefed by appellee, and that we have received no assistance whatever therefrom.

The judgment is affirmed.