SAN ANTONIO, U. & G. RY. CO. et al. v. YARBROUGH. (No. 5503.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1915.)

1. APPEAL AND ERROR ☞569—ASSIGNMENTS OF ERROR—STATEMENT OF FACT—APPROVAL.

Without a statement of facts approved by the trial judge, assignments of error cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. ☞ 569.]

2. TRIAL ☞331—VERDICT—DISPOSITION OF CROSS-ACTION.

In an action for conversion against a railroad and another to recover the value of property, with a cross-action setting up plaintiff's indebtedness to defendants, a verdict for plaintiff for $600, construed in the light of a charge that the jury should find for plaintiff if he was not indebted to defendants or if his indebtedness was less than the amount of their indebtedness to him, removed all objections to the verdict on the ground of uncertainty and that it did not dispose of the cross-action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783; Dec. Dig. ☞331.]

3. JUDGMENT ☞240 — VERDICT — JOINT AND SEVERAL LIABILITY.

Where the verdict found a joint liability against defendants, there was no error in a judgment decreeing a joint and several liability.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 423–425; Dec. Dig. ☞240.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by J. W. Yarbrough against the San Antonio, Uvalde & Gulf Railway Company and another, with cross-action by defendants. Judgment for plaintiff, and defendants appeal. Affirmed.

Williams & Hartman, of San Antonio, for appellants. Don A. Bliss, of San Antonio, for appellee.

FLY, C. J. Appellee instituted this suit to recover of the railway company and J. E. Franklin the value of certain tools and implements, which constituted a railroad contractor's outfit, which, it was alleged, had been converted to their use by appellants. The property was alleged to be worth the sum of $2,700 and appellee also sought the recovery of $1,000 as exemplary damages. The jury returned a verdict for $600, and judgment was accordingly so rendered.

[1] The first assignment of error assails the verdict on the ground that the value of the property was not shown to be more than $600, and that appellee was indebted to Franklin in a sum equal to that amount. The statement of facts filed in this case is not approved by the trial judge, and consequently cannot be considered by this court. In every instance the statement of facts must be approved by the trial judge. Rivers v. Campbell, 51 Tex. Civ. App. 103, 111 S. W. 190. Without a statement of facts, the assignment of error cannot be considered. The second,

fourth, fifth, and eighth assignments are also based on the evidence and must be overruled.

[2] The seventh assignment of error assails the verdict because it did not dispose of the cross-action of appellants. The verdict must be construed in the light of the charge which instructed the jury that they should find for appellee, if they found he was not indebted to appellants, or if the amount in which he was indebted was less than the amount in which appellants were indebted to him. That charge removes all objections to the verdict and makes it certain. The jury must necessarily have found that appellee was not indebted to appellants, or that, if he was, they owed him $600 more than he owed them. Garrett v. Robinson, 93 Tex. 406, 55 S. W. 564; Bemus v. Donigan, 18 Tex. Civ. App. 125, 43 S. W. 1052; Cameron v. Lubbock, 147 S. W. 717.

[3] The judgment does not provide for a double recovery. Although the verdict found a joint liability against appellants, there was no error in the judgment decreeing a joint and several liability. Kuykendall v. Coulter, 7 Tex. Civ. App. 399, 26 S. W. 748; Railway v. Crump, 32 Tex. Civ. App. 222, 74 S. W. 335.

The judgment is affirmed.