BOYD et al. v. URRUTIA. (No. 683.)

(Court of Civil Appeals of Texas. El Paso. April 26, 1917. On Rehearing, May 31, 1917.)

1. APPEAL AND ERROR ⬤⟝158(1)—RIGHT OF REVIEW — JUDGMENT — PURCHASE OF JUDGMENT BY A DEFENDANT.

The act of a defendant in purchasing and taking a transfer of a judgment for plaintiff was not such a satisfaction of the judgment as to preclude the appellate court from entertaining an appeal, since the other defendants, at least, have the right to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 973, 977.]

2. JUDGMENT ⬤⟝139—DEFAULT JUDGMENTS— SETTING ASIDE—DISCRETION OF COURT.

The question of setting aside default judgments is largely a matter of discretion upon the part of the trial court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 265–268.]

3. APPEAL AND ERROR ⬤⟝957(2) — APPEAL — MOTION TO SET ASIDE DEFAULT JUDGMENT— DISCRETION OF COURT.

Where defendants in an action, because of pending negotiations between the parties, did not believe it was necessary to file an answer, there being no promise that judgment would not be taken in case of a failure to answer, the trial judge did not abuse his discretion in refusing a motion to set aside default judgment two days after it was rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823.]

4. APPEAL AND ERROR ⬤⟝1173(1)—DISCHARGE OF CAUSE—MODIFICATION OF JUDGMENT.

Where by motion for rehearing on appeal appellants dismissed as to a defendant who was not properly served with citation, an affirmance will be granted as to the others instead of reversing the judgment for such defect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4567, 4569, 4656.]

On Rehearing.

5. BILLS AND NOTES ⬤⟝121—CONSTRUCTION— PARTIES—PRINCIPAL AND SURETIES.

The fact that notes were given as part payment upon a joint contract of sale and lease of a ranch by plaintiff to the defendant constitutes a defendant and alleged surety on one of the notes a principal maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 255, 256.]

6. BILLS AND NOTES ⬤⟝121 — INDORSERS — RIGHTS.

Where one who was not a mere indorser, but a principal maker, places his name upon a note to serve purposes of his own, he is not entitled to the rights of a mere indorser or surety.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 255, 256.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Sabino Urrutia against A. I. Boyd and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Jones, Jones, Hardie & Grambling, of El Paso, for appellants. Winter, McBroom & Scott, of El Paso, for appellee.

HARPER, C. J. This suit was instituted by Sabino Urrutia against A. I. Boyd, J. G. D. Boyd, and L. E. Booker to recover the unpaid balance of a note, interest, and attorney's fees executed by A. I. Boyd and at the time (before delivery) of its execution indorsed upon the back by L. E. Booker and J. G. D. Boyd.

A judgment by default for the amount sued for was entered by the trial court which recites:

"The defendants, though each and all of them were duly cited and served with process in terms of the law, came not, but each and all of said defendants wholly made default."

[1] Preliminary to passing upon the merits of this appeal appellee urges by motion that the appeal as to him should be dismissed for the reason that appellant Booker, upon compromise, has paid the judgment. The affidavits simply show that Booker purchased the judgment and took a transfer of it to himself. This is not such satisfaction of the judgment as precludes the appellate court from entertaining the appeal, because the other appellants (and it has been held that the party paying the judgment) have the right to appeal. Norris Implement Co. v. Ogden, 147 S. W. 279.

The second assignment is:

"The court erred in refusing to sustain appellants' motion to set aside the default judgment against them, and grant them a new trial, because the same was filed within two days after the rendition of said default judgment, and showed that appellant Booker, for himself and the other appellants, on the 2d day of September, 1916, telephoned W. H. Winter, one of the attorneys for plaintiff, and made a proposition of settlement to the said Winter, and as to which proposition of settlement said W. H. Winter agreed that he would see his partners and have them see the said Sabino Urrutia, the plaintiff, and see whether or not he would accept the said offer of settlement. The offer of settlement made by the said Booker consisted of an offer on the part of the said Booker and his codefendants to transfer to said Sabino Urrutia about 109 acres of land known as the Norwood Hall land, located across the river, about 3 miles above the town of Canutillo, that by reason of said negotiations the said appellants were under the belief and impression that it would not be necessary for them to employ attorneys to represent them, and they believed that before any judgment could be taken against them their offer of settlement would be either accepted or rejected, and that, if rejected, they would have ample opportunity in which to employ counsel to represent them, and that said offer of settlement was never rejected by plaintiff, or by his attorneys, until after judgment had been obtained against these appellants, and these appellants were misled by the pending negotiations."

---

First proposition under second assignment of error is:

"Appellants, having filed their motion within two days after the rendition of said default judgment, and having shown an equitable defense, and having brought themselves within the rules governing the granting of new trials, were entitled to have said judgment by default set aside."

In their motion appellants set up the facts relied upon for an excuse for not filing answer, and .allegations constituting meritorious cause of action or defense and attached affidavits in proof of said allegations.

The plaintiff, in reply thereto, denied that there was any excuse for not filing answer, denied that there was a meritorious cause of action or defense, and attached controverting affidavits. We see no reason to copy either or quote therefrom.

[2, 3] The question of setting aside default judgments is largely a matter of discretion upon the part of the trial court, and in this instance we are of the opinion that this discretion has not been abused. We see nothing in the facts set up by appellants which authorized appellant to conclude that a judgment would not be taken in case of failure to answer. There is no charge that any such promise was made, and the controverting affidavits negative the idea that such a promise was intended. Besides, the facts are such as to justify a finding that there was no meritorious defense to the action. These matters having been determined against appellants, this court will not disturb the findings.

[4] Upon a former day of this term, in passing upon the above case, we entered our judgment and rendered opinion reversing and remanding the cause for imperfect service of citation upon J. G. D. Boyd. The appellants, now, by motion for rehearing, dismiss as to said defendant, and ask an affirmance as to the others, which is granted. O'Donnell v. Kirkes, 147 S. W. 1167; McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721; Kuykendall v. Coulter, 7 Tex. Civ. App. 399, 26 S. W. 748.

The said former judgment is therefore set aside, the opinion then rendered withdrawn, and, finding no error in the record, the assignments are overruled, and cause affirmed as to L. E. Booker and A. I. Boyd and cause dismissed as to J. G. D. Boyd.

On Rehearing.

Appellant calls our attention fo the .fact that this suit was to collect the balance of two notes, instead of one note, as' stated in the original opinion. The opinion is corrected in that respect.

[5] Appellant urges as one of his grounds for rehearing that the record discloses that Booker was simply a surety upon one of the notes sued on, and J. G. D. Boyd one of the principals; that there was no showing that said Boyd was insolvent; therefore it was er-

ror to dismiss as to the latter. The record in fact discloses that the notes were given as part payment upon a joint contract of sale of cattle and lease of ranch by Urrutia to the defendants. Booker so declares in his motion for ' new trial filed in the trial court, and by his affidavit attached thereto. This constitutes him a principal maker.

[6] The record clearly shows that he (Booker) placed his name upon the note to serve purposes of his own, and therefore is not entitled to the rights of a mere indorser or surety. Jones v. Lynch, 137 S. W. 395; Latham v. Flour Mills, 68 Tex. 127, 3 S. W. 462.

The motion is therefore overruled.