### SAN ANTONIO SOUTHERN RY. CO. et al. v. MORGAN et al. (No. 7056.) *

(Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1924. Rehearing Denied Jan. 30, 1924.)

**1. Carriers ⊕⟹219(5)—Initial carrier liable for damages by reason of its negligence in billing.**

An initial carrier was negligent in wrongfully billing a car of cattle to Fort Worth instead of San Antonio, and where the sole cause of damages to them was such negligent act, though the damages really occurred on the line of connecting carrier, the initial carrier was liable therefor.

**2. Limitation of actions ⊕⟹124—Intervention held not new suit.**

Where cattle shipped were billed in plaintiff's name instead of a purchaser's, plaintiff could prosecute suit therefor in his own name which stopped running of limitation, and intervention by purchaser setting up ownership was not new suit.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by John Morgan against the San Antonio Southern Railway Company and others, in which W. C. Wheeler intervened. Judgment for plaintiffs, and defendants appeal. Reversed in part; affirmed in part.

Henry B. Dielman and Goeth, Webb & Goeth, all of San Antonio, L. B. Wiseman, of Floresville, and S. B. Dabney, of Houston, for appellants.

Sam D. W. Low, Jr., and C. A. Davies,,both of San Antonio, for appellees.

FLY, C. J. This is a suit to recover damages to cattle shipped from Christine, Tex., to San Antonio, Tex., consigned to the Alamo Commission Company, instituted by John Morgan, who will be styled appellee, against James C. Davis, Director General of Railroads for the United States, the International & Great Northern Railroad Company, and the San Antonio Southern Railway Company. W. C. Wheeler intervened in the suit. The cause was tried by the court, a jury being waived, and judgment was rendered that appellee recover of the two railway companies the sum of $309.04, that the intervener recover nothing, and that the International & Great Northern Railroad Company have judgment over against the San Antonio Southern Railway in the same amount. The two railroad companies perfected this appeal. James C. Davis was, by agreement, dismissed from the suit.

We adopt the findings of fact of the trial judge as the conclusions of fact of this court, as follows:

"On or about the 16th day of June, 1920, plaintiff, John Morgan, entered into a written contract with the defendant Artesian Belt Railroad Company (now known as the San Antonio Southern Railway Company), to transport 52 head of mixed cattle from the town of Christine, Tex., to San Antonio, Tex., consigned to the Alamo Commission Company, at said latter place, and plaintiff, on or about said date, loaded said cattle in the car pointed out and designated by the agents of said railroad company.

"The agent of said company at Christine, Tex., by his negligence, wrongfully billed said car of cattle to Fort Worth, Tex., instead of to San Antonio, Tex., and by reason thereof said cattle were delivered to the defendant International & Great Northern Railway Company, at San Antonio, Texas, and were carried by said defendant to Venus, a point about 30 miles from Dallas, Tex., and about 300 miles from and beyond the city of San Antonio. Said carload of cattle was fed at Mart, Tex., and at Venus, Tex., and was then reshipped back to San Antonio, Tex., the place to which it had been originally billed. Said cattle were carried some 600 miles farther than was necessary in order to have delivered them at the place of destination, delaying the delivery about 72 hours.

"Either upon the said San Antonio Southern Railway Company or upon the defendant International & Great Northern Railway Company's lines said cattle were greatly damaged, one of them being killed, and being short on delivery at San Antonio one head. The market of said cattle, in said two days' time, which was negligently consumed by the defendants in delivering said cattle under the said contract to San Antonio, Tex., declined $1 per hundred, or one cent per pound. A large number of said cattle were bruised, some three or four of them being very badly bruised, and there was great loss of weight of from 25 to 50 pounds

on each head of cattle, and by reason of the death, bruising and shrinking of said cattle, said cattle were damaged in the total sum of the judgment entered herein, to wit, the sum of $309.04.

"After the said John Morgan had contracted for the shipment of said cattle, in writing, and while the said cattle were being loaded upon the car of the defendant San Antonio Southern Railway Company, the said John Morgan sold said cattle to Warren C. Wheeler, together with all his rights under the contract of shipment; the billing of said cattle had already been made out in the name of John Morgan, and the said Warren C. Wheeler demanded of said railway company that it change the billing and the contract to his name, which demand and request was refused by the said defendant San Antonio Southern Railway Company.

"Thereafter, and prior to the filing of this suit, the said John Morgan authorized the said Warren C. Wheeler to sue in his name upon the contract of June 16, 1920, to recover the damages incurred by the negligent and wrongful shipment of said cattle as aforesaid. Thereafter, on March 26, 1923, the said Warren C. Wheeler for the purpose stated in his intervention herein, intervened in this cause, and on said date, by written transfer and assignment, transferred and assigned to plaintiff, John Morgan, his right, title, and interest in this suit, in order, as alleged by him, that all the parties who might have a claim for the said damages might be disposed of, and the said defendants protected in any judgment that might be secured against them.

"The damage to said cattle occurred upon the lines of the International & Great Northern Railway Company, the connecting carrier of the defendant San Antonio Southern Railway Company, but no damage occurred upon the International & Great Northern Railway Company between its point of connection with the San Antonio Southern Railway Company and the city of San Antonio, but said damage occurred in the shipment beyond San Antonio, and return of said cattle to San Antonio from Venus.

"The agent of the defendant San Antonio Southern Railway Company, at Christine, Tex., inserted in the waybill for these cattle the number of the car in which was loaded 32 head of steers belonging to one Peeler, and which was consigned to Fort Worth, Tex. The said agent was negligent in so billing said cattle and in mixing up the said two cars so that they each went to a wrong destination, contrary to the contract of shipment."

[1] It is too clear for discussion that the initial carrier was guilty of inexcusable negligence in sending the cattle of appellee to Fort Worth instead of San Antonio and that it is liable for all damages inflicted on the cattle by reason of its negligence. The evidence showed that the damages really occurred on the line of the connecting carrier, not through any negligence shown to have been committed by that carrier, for it appeared that it did nothing but convey the cattle as directed, and when the error in shipment was discovered returned the cattle to San Antonio. The evidence did not show

that the dead animal was killed through the negligence of the connecting carrier, or that the cattle were drawn and bruised by its negligence. The sole cause of the damages to the cattle was the negligent act of the initial carrier in billing the cattle to Fort Worth instead of San Antonio. The connecting carrier received the cattle in ignorance of the error, and presumably when it, in some way not shown, discovered the error, fed them, and returned them to San Antonio. It does not appear that there was any unnecessary delay in going or returning.

[2] Morgan sold the cattle before they were shipped to Wheeler, but the cattle were billed by the railroad agent in the name of Morgan, and he had the right to prosecute the suit in his own name, and that suit stopped the running of limitation, and when Wheeler intervened, setting up his ownership in the cattle, his was not a new suit. Railway v. Robinson (Tex. Civ. App.) 131 S. W. 444; Railway v. Galloway (Tex. Civ. App.) 165 S. W. 546; Railway v. Cox (Tex. Civ. App.) 150 S. W. 265.

The judgment as to San Antonio Southern Railway Company will be affirmed, but as to the International & Great Northern Railroad Company it will be reversed, and it is the judgment of this court that, as to the last-named railway company, appellee recover nothing, and it is adjudged that the San Antonio Southern Railway Company pay all costs in this behalf expended.