## PUBLIC INDEMNITY CO. v. PEARCE.
### No. 8963.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 11, 1933.

Rehearing Denied Feb. 8, 1933.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Jones & Lyles, of Del Rio, for appellee.

MURRAY, J.

In this case the appellee sued the appellant as workmen's compensation insurance carrier of Walter H. Denison, alleging that he was totally and permanently disabled as a result of injuries received in the scope and course of his employment by said Denison. The trial was before the court without a jury. Judgment was rendered in favor of appellee in the sum of $5,102.89 and costs of court.

The appeal is based upon three alleged errors, which will be taken up in the order presented.

The first error complained of is "the refusal of the trial court to grant a jury trial." The record discloses that the court met at Eagle Pass, in Maverick county, on March 14, 1932. This case, being an appearance case, would not be called for trial until the following day, March 15, 1932. Under our statutes (Rev. St. 1925, art. 2124) it was the duty of either party desiring a jury trial to make demand at that time and pay a jury fee of $5. This appellant freely admits that it did not do, but when this case was called for trial two weeks later, on March 28, 1932, in pursuance to a special setting for that date, appellant, for the first time, demanded a jury and tendered the proper jury fee. The trial court overruled said demand on the ground that appellee was ready for trial, and that, no jury being present, to grant appellant's demand would necessitate a continuance of the case for six months, or until the next term of said court.

Appellant sought to justify its failure to make demand and tender fee upon the ground that it had been led to believe by counsel for appellee that it would not be necessary to do so. We have examined the testimony on this proposition and find that appellant does not show that it was misled in reference to this matter. Furthermore, re-

gardless of what may pass between attorneys, the trial court is vitally interested in knowing what cases are to be tried by jury and is entitled to this information as early in the term as possible, so that he may properly handle his docket, orderly conduct the business of the court, and have juries present in court only when needed. Where a jury has not been demanded and the jury fee paid, within the time prescribed by law, and it is shown that to grant a delayed request for a jury would cause a continuance of the case or interfere with the proper handling of the docket or orderly conduct of the business of the court, such delayed request should be refused.

■ It is true that article 1, § 15, of the Constitution of Texas provides that "the right of trial by jury shall remain inviolate," but the same section further provides that "the legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency" ; and the requirements of the statute that a demand for a jury in an appearance case be made not later than the second day of the term of court is certainly a needed regulation.

■ The record in this case discloses that the demand for a jury was made for the first time on March 28, 1932, which was Monday of the third and last week of that term of court, that no jury was present, that to grant such request would necessitate a continuance of said case until the next term of the court, some six months later, we therefore conclude that the trial judge did not abuse his discretion in refusing appellant's demand for a jury in this case. Kenedy Town & Improvement Co. v. First Nat. Bank (Tex. Civ. App.) 136 S. W. 558 ; Hardin v. Blackshear, 60 Tex. 132 ; Wood v. Kieschbaum (Tex. Civ. App.) 31 S. W. 326 ; Revised Civil Statutes, arts. 2123, 2124, 2125, 2126 ; Constitution of Texas, art. 1, § 15.

The second error complained of is, "The trial court's alleged error in rendering a judgment in the appellee's favor when there was no competent evidence showing that the plaintiff had filed a claim for compensation with the Industrial Accident Board within six months from his injury."

■ Article 8307, § 4a, R. S. 1925, requires that such claim be filed before any proceeding for compensation for injury may be maintained, and it necessarily follows that the burden was upon appellee to show that such a claim had been filed within the time prescribed. Appellee was asked the question as to whether or not he had so filed such a claim, to which he replied in the affirmative.

Objection was made that the question called for a conclusion and was not the best evidence of the contents of a written instrument. The record discloses that before this question was asked and answered a copy of a claim was exhibited to the witness and identified by him as an exact copy of his claim so filed. The trial judge in qualifying the bill of exception on this point certified that said copy was a duplicate original of said claim. In the 2d Edition of Jones on Evidence, § 209, we find the following language, "Where a document is executed in duplicate or triplicate each one is primary evidence of the contents of the document." Under all the circumstances surrounding the admission of this testimony we do not find that error was shown. Pecos & N. T. Ry. Co. v. Cox (Tex. Civ. App.) 150 S. W. 265, 266 ; State ex rel. Daniel v. Torrey, 225 Mo. App. 966, 33 S.W.(2d) 130 ; Philadelphia Underwriters Agency of Fire Ass'n v. Brown (Tex. Civ. App.) 151 S. W. 899, 900.

■■ Furthermore, the record in this case affords a legal presumption that appellee made a claim for compensation with respect to his injury within six months after the occurrence of the same. The record shows that appellee was injured on May 25, 1931. The Industrial Accident Board made its final ruling and decision upon appellee's claim for compensation, on November 13, 1931, which was within six months of the date of the injury. The law requires the filing of a claim with said board before it can lawfully pass on same. The law presumes that the board conducts its business in a lawful manner. Therefore, this matter must have been called to the attention of the Industrial Accident Board by a proper claim, or it would not have passed on same. We conclude that the record sufficiently shows, both by affirmative proof and by legal presumption, that a proper claim was filed with said board and within the prescribed time. Western Ind. Co. v. Toennis (Tex. Civ. App.) 250 S. W. 1098, 1102.

■ The third error complained of is, "The alleged error of the trial court in admitting into evidence, over objection, incompetent testimony attempting to prove that plaintiff had filed the claim for compensation with the Industrial Accident Board within six months after his injury." We feel that, having concluded that there is competent evidence in the record to establish the fact that a proper claim was filed, this proposition becomes immaterial. This was a trial before the court without a jury, and, if improper evidence was admitted, the presumption is that same was not considered by the trial court.

The judgment of the trial court is affirmed.