## DOYNO v. CURRY.

### No. 9878.

Court of Civil Appeals of Texas. San Antonio.

July 1, 1936.

Rehearing Denied Aug. 19, 1936.

Pope & Pope, of Laredo, for appellant.

W. R. Blalock, of Mission, for appellee.

SMITH, Chief Justice.

H. L. Curry sued Frank Doyno for the value of certain oil well casing, alleging that Doyno had removed the same from Curry's lease, and appropriated it to his own uses. Doyno reconvened and sought to recover of Curry upon a like charge of conversion. Curry recovered in the main suit, but Doyno was denied recovery upon his cross-action, and has appealed.

The cause was tried before the court without a jury. The record is accompanied by a statement of facts, but includes no findings or conclusions of the court. Every fact necessary to uphold the judgment will be implied from the record, if there be any material evidence to sustain it. It is essentially a fact case.

We are of the opinion, based upon a careful perusal of the record, that the evidence is sufficient to sustain the implied findings of the court. No useful purpose could be served by setting out the evidence. Appellant asserts that all the evidence which tends to support the implied findings is hearsay and incompetent, albeit it was admitted without any objection from appellant. It is true that some of the evidence was subject to objections, but it was so interwoven with competent evidence that the burden cannot now be shifted to this court to segregate the good from the bad, and, discarding the one, give effect to the other. We conclude that, when the record at large is considered, it supports the judgment. We therefore overrule appellant's first, second, third, and fourth propositions.

In his fifth proposition appellant complains of the action of the trial court in denying appellant's demand for a jury. The bill of exception upon which this proposition rests shows the following facts: When the case was called on appearance day, and the parties were given an opportunity to demand a jury, both parties "announced this case would be a non-jury case and requested such case set down for trial." The case was not tried at that term, but was continued. At the ensuing term, when the case, still on the nonjury docket, was regularly reached and called for trial, appellee's counsel was absent, but appellant's counsel, then present, announced that the case was a nonjury case and that no jury would be required.

The court then announced that all nonjury cases, and those not contested, would be disposed of during the first week, for which no jury was available; that the court would "not hold" during the second week, and that the third and fourth weeks would be devoted to criminal cases; that appellant's counsel thereupon stated it would be satisfactory to try the case any day during the first week, and would get an agreement with appellee's counsel to that end; that on the following day, when the case was again called, appellee's counsel was absent, but appellant's counsel, then present, announced he had an agreement with appellee's counsel to try the case the following day. On that day, the court again gave all litigants an opportunity to demand a jury, but none was made in this case, which was left on the nonjury docket. When, later on said day, this case was called in pursuance of the setting, counsel for appellant announced not ready, and stated that he had on that morning paid the jury fee to the clerk and thereupon demanded a jury. Appellee objected, and, under those circumstances, the court ordered the trial to proceed without a jury, upon a finding that to allow appellant's demand "would have necessitated a postponement of the trial thereof to the third or fourth weeks of the Court, and such postponement would have made trial of this case contingent upon the disposition of previously set jury cases, and the criminal docket, and would be prejudicial to the Plaintiff's rights; and it appeared to the Court that an allowance of such demand would prevent a trial of this case at this term and would work a continuance of the same."

It is obvious, from the facts shown, that the trial judge did not abuse his discretion in refusing appellant's demand for a jury. Public Indemnity Co. v. Pearce (Tex.Civ.App.) 56 S.W.(2d) 906.

The judgment is affirmed.