**Richard C. ALLAIS, Appellant,**

v.

**William C. LYNCH, d/b/a William C. Lynch & Company, Appellee.**

**No. 16000.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 7, 1972.

Rehearing Denied Jan. 26, 1973.

Hicks, Hirsch, Glover & Cochran, Marc A. Sheiness, Houston, for appellant.

Jack A. Scruggs, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the overruling of an amended motion for new trial following a default judgment.

Appellee brought suit against appellant and others to recover certain insurance premiums. The cause of action against appellant was based on a letter alleged to constitute a guaranty. Suit was filed on March 15, 1971, and citation was served on appellant on April 28, 1971. No answer was filed, and the court granted a default judgment which was signed and entered on March 22, 1972.

A motion for new trial was filed in proper time for all defendants. In the amended motion for new trial it was alleged that the failure to file a written answer "was not intentional or the result of cons*cience* indifference on the part of said defendants, but was due to an accident and/or mistake; . . . " It was alleged in the motion that

appellant had a meritorious defense in that he did not guarantee the payment of any sums of money to the plaintiff, and that in the letter relied on by plaintiff appellant merely agreed to be " . . . responsible for seeing to Delta Western Transportation paying . . . "; that said letter was not intended as a guaranty. No affidavits were attached to or accompanied the motion for new trial, which was filed April 13, 1972.

The judgment overruling the amended motion for new trial recites that it came on to be heard on the 17th day of April, 1972, and that it was signed and entered on the 8th day of May, 1972. Two affidavits in support of the motion were filed on May 5, 1972, after a hearing on the motion at which time it was orally denied. At a hearing on the entry of the order held on May 8, 1972, the affidavits were called to the attention of the court, and the court heard further argument.

■ We consider that the trial court, in the exercise of his discretion, reopened the hearing, and after a consideration of the affidavits concluded that the motion should be denied. Since the affidavits were filed, and the court's order was entered, before the court lost jurisdiction of the matter, we find no error in the action of the court in reopening the hearing for a consideration of the affidavits.

In one of the affidavits appellant stated that promptly after the citation was served on him he forwarded it to the attorneys representing him in another case, who apparently placed it in that file. In the other affidavit the attorney filing the motion for new trial stated that in September, 1971, he was requested by appellant "to begin representing him as his attorney in various business matters among which were lawsuits then pending. At his request the files on pending lawsuits were subsequently transferred from his prior attorney to myself. Among these files . . . was a very large brown manila folder . . . labeled as being the file on No. 811,458, Delta

Western Transportation Corporation v. William C. Lynch, et al, . . . The file was apparently inactive and was examined briefly . . . The citations involved were apparently overlooked . . . "

■ A motion to set aside a default judgment is addressed to the sound discretion of the trial court and will not be disturbed unless an abuse of that discretion is shown. Boyd v. Urrutia, 195 S.W. 341 (Tex.Civ.App.1917, writ ref'd). In the exercise of his discretion the trial court must follow the rule set out in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939), and reaffirmed in Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966):

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

■ The trial judge may well have considered that the failure of the defendant to answer before judgment was intentional or the result of conscious indifference on his part. While appellant promptly forwarded the citation to his lawyer, that lawyer held it from about the first of May, 1971, until he transferred appellant's files to another lawyer in September, 1971, some four or five months, without filing an answer. No explanation for this inaction is given. It appears that appellant failed to call the attention of his present attorney to this case when he was employed. His inaction in the matter was properly explained.

Nor do we consider that the motion for new trial "set up" a meritorious defense. In his affidavit appellant states that the letter was not a personal guarantee and that

it was his intention, and the intention of all the parties to the letter sued on "that it indicate an assurance to William C. Lynch that best efforts would be made to see to it that the debtor . . . did pay the sums of money stated. It was not the intention of the parties to that letter that I and Edgar B. Yuhl were to personally guarantee that payment or were to assume the debt as a personal obligation."

In Ivy v. Carrell, supra, the court said: " . . . The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense . . . ."

The letter relied on by appellee, which appellant admits executing, reads:

"This letter is to confirm in writing to you that the undersigned agree to hold themselves responsible for seeing to Delta Western Transportation Corporation paying to you the sum of ten thousand five hundred dollars ($10,500.00) on or before the 20th day of July, 1969 in repayment to you of funds you have advanced for insurance premium payments on said Delta Western Transportation Corporation's behalf."

The conclusions and statements concerning intention found in appellant's affidavit, if admissible in evidence at all, are not sufficient to establish the required meritorious defense. Appellant's understanding of the effect of the instrument is not necessarily binding on appellee. The secret intention of one party not made known to the other party is immaterial. Corbin on Contracts, 1960 Ed., § 538, V. 3, pp. 55 et seq.; McCormick and Ray, Texas Law of Evidence, 1956 Ed., § 1682, V. 2, pp. 517 et seq.

The judgment is affirmed.